, NANCY A. KNOWLTON and JAMES KNOWLTON,
her husband, Plaintiffs in Error,

*vs.*

JOHN RAY, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF ROCK COUNTY.

The rule of law is, that, as between parties and privies, the sheriff's return made to returnable process, is not only competent, but generally conclusive evidence. The sheriff is as much bound by law, to make return to a writ of *venditioni exponas*, as he is bound to make rèturn to a writ of *fi. fa.*, or any other process issued in any cause, and, as between the parties, is competent, if not conclusive evidence.

The provisions of the statutes requiring the sheriff upon the sale of lands under an execution, to make and deliver to the purchaser, and to file in the office of the register of deeds, a certificate of sale, was not intended to exclude (supersede) other means of evidence, which were legal before.

The copy of a certificate of sale under an execution, filed by the sheriff in the office of the register of deeds, and certified by the latter, is competent evidence to prove the sale, though not acknowledged by the sheriff.

The certificate of sale of lands under an execution, required by the statutes to be made and delivered to the purchaser, to become evidence of the sale, must be acknowledged in the same manner as deeds are required to be, but the certificate of sale filed by the sheriff in the office of the register of deeds, need not be acknowledged in order to make a copy thereof duly certified evidence.

THIS was an action of ejectment, brought by the plaintiffs in error, against the defendant in error, in the Circuit Court for Lafayette county, for the recovery of three parcels of land, which had been sold on an execution issued on a judgment rendered in favor of Jacob Fouke, against the defendant, Ray, and one S. F. M. Fretwell, in the late District Court of the United States for Iowa county. The judgment was rendered on the 17th day of September, 1844.

By virtue of an alias *fi. fa.* as appears by the return of the sheriff, thereon indorsed, the lands described in the declaration, were levied upon and advertised for sale on the 31st of May, 1845. This alias writ, with the return, was deposited in the clerk's office, on the 28th day of May, 1845, property unsold. On the 2d day of June, a writ of *venditioni exponas* was issued.

This writ was returned to the clerk's office on the 16th day of June, 1845, with the sheriff's return thereon indorsed, in which he states, that he, after proper notice given, had sold the lands in controversy to Jacob Fouke, for the sum of $201, he being the highest and best bidder.

These executions and sheriff's returns, were read in evidence to the jury by the plaintiffs. The plaintiffs also offered in evidence a certified transcript (by the register of deeds for Iowa county) of the sheriff's certificate of sale to Fouke, which appeared to have been filed by the register on the 16th day of June, 1845. To the reading of this document the defendant's counsel objected, and the court rejected the same as evidence, for the reason that it did not show that the certificate filed with the register, had been proved or acknowledged in such manner as required to entitle a deed to be recorded, and that without such proof or acknowledgment, a sheriff's certificate of the sale of land was no evidence of the sale. The plaintiffs then contended that the sheriff's return on the writ of *venditioni exponas*, in which he states that he sold the lands in question to Jacob Fouke, was evidence of the sale. The court decided that it was not, and that such sale could only be proved by the certificate of sale, which the sheriff is by the statute to give upon making a sale of lands on execution.

And, thereupon, the court nonsuited the plaintiffs, on the ground that they had failed to make any proof of a sale under the judgment and execution. The plaintiffs excepted to the rulings of the court, above stated.

The plaintiffs claimed title as grantee under Jacob Fouke, the purchaser at execution sale under the above-mentioned judgment, and proved every fact necessary to enable them to recover, except the fact of sale, and this they contended they had proved by the sheriff's return.

To reverse the judgment of the Circuit Court, this writ of error is prosecuted.

*James H. Knowlton*, for plaintiffs in error.

*Chas. Dunn*, for the defendant in error.

*By the Court*, SMITH, J.    This was an action of ejectment brought by the plaintiffs in error, against the defendant in error, to recover certain lands which had been sold on execution, issued on a judgment rendered in favor of Jacob Fouke, against the defendant, Ray, and one Fretwell, in the late District Court of the United States, for the territory of Wisconsin, in the county of Iowa, in said territory, on the 17th day of September, A. D. 1844.

The plaintiffs claimed title under a deed of conveyance from the said Jacob Fouke, who claimed title by virtue of a deed made in pursuance of a sale of the premises described, by virtue of a *venditioni exponas*, issued upon a judgment recovered by the said Fouke, against Ray, in the said District Court of the United States, as aforesaid.

On the trial in the court below, the plaintiffs proved the judgment, the issuing of a *fi. fa.*, an alias *fi. fa.*, their return showing a levy upon the lands, the issuing of a *venditioni exponas*, and the return of the sheriff of his doings thereon ; viz : the sale of the premises according to the command of the writ, at public auction, after due notice, &c., &c., to the said Jacob Fouke.   No objection seems to have been taken to the return or its sufficiency.

The bill of exceptions states, that "upon the trial, the said James H. Knowlton, to maintain and prove the issue on the part of the plaintiffs, proved to the said jury every fact necessary to maintain and prove the issue on the part of the plaintiffs, except the fact of the sale by the sheriff of the late county of Iowa, under and by virtue of final process on a judgment, rendered in favor of Jacob Fouke, against the defendant, John Ray, and one Samuel F. M. Fretwell, in the District Court of the United States, in and for said county of Iowa."

To prove the sale aforesaid, the plaintiffs read in evidence the return of the sheriff, Timothy Burns, indorsed on the execution, under which it was claimed the sheriff had levied on the lands. By the return of the sheriff, it appeared that the lands described in the declaration, were levied upon and advertised for sale on the 31st day of March, 1845.   The *fi. fa.* was returned and filed in the clerk's office the 28th day of May, 1845, the property remaining unsold.   On the 2d day of June, a *venditioni exponas*

was issued.   On the 16th day of June, this writ was returned to
the clerk's office, with the sheriff's return thereon, that after the
proper notice, he had sold the lands for the sum of $201 to Ja-
cob Fouke, he being the highest and best bidder.

The plaintiffs then offered in evidence a certified transcript or
copy of the sheriff's certificate of sale to Fouke, which was filed
with the register of deeds, June 16th, 1845, duly certified by the
said register, which was objected to on the ground that it did
not appear that the certificate filed with the register had been
proved or acknowledged in such manner as is required to entitle a
deed to be recorded, and that without such proof or acknowl-
edgement, a sheriff's certificate is no evidence of sale; which
objection was sustained, and the plaintiffs excepted.

After the rejection of this evidence, it seems from the bill of
exceptions, that the plaintiffs insisted that the return of the
sheriff to the writ of *venditioni exponas*, on which the sheriff re-
turns that he sold the lands to the said Fouke, was evidence of
the sale; but the court held that such return was not evidence
of the sale, and that the same could only be proved by the cer-
tificate which the sheriff was required by statute to give on
making a sale on execution, to which ruling the plaintiffs ex-
cepted.

Thereupon, no further evidence being offered, the court non-
suited the plaintiffs, and rendered judgment accordingly, to re-
verse which, this writ of error is sued out.

The rule of law is, that as between parties and privies, the
sheriff's return, made to returnable process, is not only compe-
tent, but generally conclusive evidence.   There can be no doubt
that the sheriff was as much bound by law to make return to
the writ of *venditioni exponas*, as he was to the writ of *fi. fa.*, or
any other process issued in this or any other cause, and as be-
tween the parties was competent, if not conclusive evidence.   It
was competent and *prima facie* at least, and should have been
suffered to go to the jury as such, as proof of the facts therein
stated.   *O. R. S., p.* 89, § 11, *et seq.;* 4 *Mees. & Welsb.* 466; 2
*Cow. & Hill's notes,* 794, 808.   We can see no reason for exclud-
ing the return of the sheriff to the writ of *venditioni exponas*, or
for distinguishing this writ from other returnable process, the
return to which is conceded to be competent evidence.   It is

true, it may be, and was said, that our statute has adopted another rule of evidence, by which such sales shall be proved, viz: the certificate which the sheriff is required to make and deliver to the purchaser, and to file in the office of the register of deeds, and hence, other proof is excluded. But we have no idea that the legislature, by providing this means of proof, intended to exclude other means of evidence long established by law, and of which the parties might avail themselves respectively, as occasion should require, though the sheriff may have failed in the exact performance of this duty. Doubtless, the legislature intended to enlarge, and not to circumscribe the means of evidence in cases of this kind. It is cumulative, and by no means is intended to exclude that which was legal evidence before.

But we are of the opinion that the judge erred in the proper construction of the several provisions of the statute, in view of which, the certified copy of the sheriff's certificate filed in the register's office, was excluded. Section 65 of the act "concerning testimony and depositions" (*O. R. S.* 1839), makes it the duty of the registers of deeds to receive and deposit in their office, any instruments or papers which any person shall offer to them for that purpose, and such instruments and papers were to be filed and kept in the custody of the register or his successors. Section 26, of chapter 10, of the Revised Statutes (1849), provides that "copies of all papers duly filed in the office of the register of deeds, and transcripts of all books of records kept therein, certified by him, shall be *prima facie* evidence in all cases." Neither the old statute of 1839, nor the statute of 1849, required the certificate to be acknowledged by the sheriff in order to be filed in the office of the register.

It is understood that this certified copy of the certificate of sale was rejected, on the ground that the original had not been acknowledged by the sheriff before some officer authorized to take the acknowledgment of deeds; and that this decision was based upon the construction of sections 81, 82 and 83, of the Revised Statutes, similar, it is believed, in all respects, to those in force when the sale was made, and which are as follows:

"*Section* 81. Upon the sale of any real estate by virtue of any execution, the officer making the same shall make out and subscribe duplicate certificates of such sale, containing:

1. A particular description of the premises sold.

2. The price for each distinct lot or parcel.

3. The whole consideration money paid.

4. The time when such sale will become absolute, and the purchaser will be entitled to a conveyance pursuant to law."

*Section* 82. "One of the said duplicate certificates shall, within ten days after such sale, be filed in the office of the register of deeds of the county, and the other shall be delivered to the purchaser. If there be two or more purchasers, a certificate shall be delivered to each."

*Section* 83. "Such original certificate, upon being proved or acknowledged in the manner required by law, to entitle deeds to be recorded, or a copy of such original duly certified by the register in whose office such original is filed, shall be received as presumptive evidence of the facts therein contained."

It would seem that these provisions of the statute regard the duplicate certificates of sale which the sheriff is required to make, equally as originals; one of which he is required to deliver to the purchaser, and the other to file with the register. But though they are esteemed by the statute as alike original, yet after the delivery of the one and the filing of the other, they are not deemed to be of equal authority as evidence. The duplicate delivered to the purchaser may float about from hand to hand, may be liable to alteration, may be made the instrument or subject of fraud or forgery, and hence, to entitle that to consideration as evidence, it is required to be authenticated by acknowledgment or by proof, as deeds are required to be. But that original which is immediately deposited by the sworn officer of the law, and filed and retained in custody by another sworn officer of the law, is secured from alteration, and when duly certified by the latter officer, is to be received as *prima facie* evidence of the facts therein contained. There is good reason for requiring authentication of such a document, when drawn from the pocket of a party litigant in whose custody it has been all along, but not so in regard to a document in the custody of a public and sworn custodian of records, a copy of which is certified under his official seal and oath with all the forms and solemnities required by law. The former is a mere private paper, in private keeping, the latter is a public document in custody of the law.

It is true that the instrument offered was only a certified copy, and it is asked, how can a copy, however verified, be of higher authority than the original? The answer is obvious; the duplicate delivered to the purchaser is authenticated only by the signature of the sheriff (unless it is acknowledged, and then it is made evidence), and may have been altered or forged; while the duplicate filed with the register, is authenticated by the public act of the sheriff in depositing, and by the act of the register in filing it, and is and has been all the while protected by the law, in whose custody it has been from its earliest existence. These latter circumstances are deemed to give to the duplicate filed with the register an authenticity equal to the one delivered to the purchaser, acknowledged as deeds are required to be. Moreover, another section of the statute, if another were wanted, makes the copy of all such papers so certified, evidence in all respects " equally and in like manner as the originals." *R. S. chap.* 11, § 104.

This, it is believed is the fair construction of the statute, indicated alike by its letter, its spirit and the reasoning applicable to its subject matter. If the purchaser desires to have his certificate legal evidence, he has only to procure its acknowledgment by the sheriff. But we do not think the sheriff is required to go before an officer and acknowledge the duplicate which he files with the register of deeds. The statute does not require this service of him. When he files the duplicate his service is ended, and the statute gives effect to the official acts which it requires him to perform. We are confident that this has been the uniform practice under the old Revised Statutes, and also under the present statutes, and it is probable that few instances can be found where such duplicates filed with the register have been acknowledged. To put such a construction upon the statute, therefore, a construction at best strained and unnatural, would work incalculable mischief without the least corresponding benefit.

Upon a careful consideration of the several points of exception taken to the ruling of the court below, and of the various provisions of the statute involved therein, we have no doubt that the court erred in regard to the points before noticed, and that the judgment must be reversed.

Judgment reversed, with costs.