## STATE ex rel. FIELD vs. AVERY.

Wherever it clearly appears that a verdict was right, and could not properly have been different, the verdict, or the judgment founded upon it, will not be disturbed on the ground that the court erred in admitting certain evidence or in giving or refusing certain instructions to the jury.

MANDAMUS to compel the defendant, as register of deeds for the county of Juneau, to remove his office from the village of New Lisbon to the village of Mauston. The facts alleged in the relation are stated in the opinion of this court upon a demurrer to the respondent's return to the alternative writ of *mandamus*, 14 Wis., 122. An issue of fact having afterwards been joined, the cause was sent to the circuit court for Monroe county for trial, and the verdict there found having been filed in this court, the respondent moved for a new trial, and the relator for judgment that a peremptory writ issue.

*S. U. Pinney*, for respondent.

*F. Minor* and *Alva Stewart*, for relator.

*By the Court*, PAINE, J. A trial of the issue of fact in this case was had at the circuit, and the respondent's counsel now move for a new trial, on account of alleged errors; and the counsel for the relator moves for a judgment on the verdict, that a peremptory writ issue.

The material question of fact involved in the issue was,

whether the frauds were committed in the election at New Lisbon, on the county seat question, as alleged in the relation. With other evidence to show those frauds, the relator offered the deposition of one Holden, who testified directly that a large number of spurious ballots were fraudulently placed in the box containing the votes on that question. This deposition was objected to for several reasons, and, among others, the respondent offered a subsequent deposition of the same witness, tending to show that he had been tampered with, and was intoxicated at the time his first was taken. Judging the character of the witness from the two depositions, it is perhaps probable that the second one sufficiently explains how he happened to tell the truth in the first. *In vino veritas.*

Some other exceptions were also taken to the ruling of the court in instructing the jury. But we do not deem it necessary to pass upon any of those exceptions. For if the deposition of Holden had been rejected, and if the court had instructed the jury as the respondent's counsel desired, the verdict could not possibly have been different. It was proved by other competent evidence that did not leave room for the shadow of a doubt, that enough spurious ballots were thrown into the box by the wholesale at New Lisbon to change the result. We shall not do ourselves the injustice, nor pay so poor a compliment to the respondent's counsel, as to assume that they would desire us to comment on that evidence for the purpose of showing that it justifies the above proposition.

And wherever it appears clearly that the verdict is right, and could not properly have been otherwise, even though some errors intervened, the verdict or judgment will not be disturbed. *Manny et al. vs. Glendinning et al.,* 15 Wis., 50.

The motion for a new trial is denied, and the motion of the relator for judgment that a peremptory writ issue is granted.