## DILL vs. WHITE, impleaded.

APPEAL FROM ORDER. (1) *How return should be made and certified.* (2) *Dismissed for want of proper corrected return.*

1. A notice of appeal from an order, with affidavit of service, and the undertaking on appeal with an affidavit of justification, were attached together, with a certificate of the clerk of the court below annexed, dated in December, 1874, stating that the papers to which it was annexed were the papers in the cause, and all of them, and were transmitted to this court in pursuance of the appeal. In the same envelop were a number of loose papers apparently in the cause below. *Held,* that the certificate was incorrect on its face, and not a compliance with the statute.

2. This court made an order in May, 1875, that the appeal in said cause be dismissed unless the appellant should cause a proper return to be made within a time specified. Thereupon the papers were all sent down; but the clerk below merely attached them all together with the *old certificate* annexed, and again returned them to this court. *Held,* that such certificate cannot be accepted as verifying a return to an order *of later date,* or as authenticating papers which, as this court has judicial knowledge, were *not attached to it when it was made;* and the appeal must be dismissed for lack of a proper return.

APPEAL from the Circuit Court for *Pierce* County.

*E. H. Ives,* for appellant.

*J. S. White,* respondent, in person.

RYAN, C. J.   This appeal was submitted on briefs.   The respondent claimed that there was no proper return of the appeal, and moved that it be dismissed.

The appeal is from an order. The statute requires the clerk of the court below to transmit to this court the order appealed from and the papers used on the application for the order, the notice of appeal and the undertaking on appeal; and to annex to them his certificate that they are the papers transmitted to this court pursuant to the appeal. Tay. Stats., 1632. § 5.

Upon inspection, we found the notice of appeal with affidavit of service, and the undertaking with affidavit of justification, attached together, with a certificate of the clerk below annexed, dated in December last, that the papers to which the certificate was annexed were the papers in the cause, and the whole thereof, and were transmitted to this court in pursuance of the appeal; and in the same envelop, a number of loose papers apparently in the cause below.

It was apparent that the certificate was not in proper form, and was on its face incorrect and unreliable; and that there was a failure to comply with the statute. *Best v. Young*, 6 Wis., 67; *Omro v. Ward*, 19 id., 232; *Shewey v. Manning*, 14 id., 448.

But as the difficulty seemed to be in the misprision of the clerk below, we thought it right to give the appellant opportunity to correct it. An order was accordingly made in May last, that the appeal be dismissed, unless the appellant cause a proper return to be made within a time specified, now passed.

Thereupon, as we are informed by the clerk of this court, the papers all went down, and were again returned here in May last. They are now all attached together with the old certificate of December last, without any new or corrected certificate of the clerk below. The certificate is identified by the original filing in this court.

It could hardly be expected that we should accept a certificate as verifying a return under our order of May last, signed and sealed months before the order was made, or as authenticating papers attached to it which we have judi

cial cognizance were not so attached when it was made. We could not accept either of two different sets of papers, annexed at different times to the same certificate, as the motion papers below, if the certificate so set forth, which it fails to do. It was the duty of the clerk below, under the order of May last, to attach the motion papers together, and to annex to them a new certificate as required by the statute. *Vroman v. Dewey*, 22 Wis., 360 ; *Jackson v. Belleview*, 30 id., 250. Had it been sufficient or competent to attach the papers to the old certificate, and so to falsify it, it could have been done here as well as in the court below.

There is a great deal of looseness in making returns to appeals, which causes much trouble here. Attorneys, taking appeals, should see that the returns comply with the statutes and rules governing them. In the present case, we could do no more than give the appellant opportunity to correct the mistake ; and, under the order of May last, have no discretion left.

*By the Court.*— The appeal is dismissed for want of a proper return.