Newell vs. Smith and others.

*By the Court.* — The motion for a rehearing is denied.

LYON, J., took no part in the decision of this cause.

## NEWELL VS. SMITH and others.

CERTIFIED COPIES.   (1) *Each document, record, etc., to be certified separately.*
    (2) *Rule applied to certified copies of deeds.*
ESTOPPEL.   (3) *Res adjudicata.*

1. Sec. 71, ch. 137, R. S., provides that when a certified copy of any record, document, etc., is allowed by law to be evidence, " such copy shall be certified by the officer in whose custody the same is required by law to be, to have been compared by him with the original, and to be a correct transcript therefrom," etc. *Held*, that this statute requires the officer to certify separately to *each* document or record offered in evidence.

2. It was error, therefore, to admit in evidence, to prove title to land, copies of several deeds fastened together in one bundle, with merely a single certificate of the register of deeds annexed.

3. Plaintiff having recovered in a former action for flowage of the same lands by the same dam here in question, his title to the lands is not *res adjudicata* as against two of the defendants herein, as to whom the former action was discontinued before verdict.

APPEAL from the Circuit Court for *Walworth* County.

Action for damages to plaintiff's land, alleged to have been caused by defendants' dam. The dam in question was the same mentioned in the foregoing case of *Cobb and another v. Smith and others.* The only question raised by the record herein, not considered and determined in that cause, is sufficiently stated in the opinion.

The defendants appealed from a judgment in favor of the plaintiff.

*Bennett & Sale,* with *A. Hyatt Smith,* of counsel, for appellants.

*I. C. Sloan,* for respondent.

COLE, J.   We are of the opinion that there must be a new trial in this case on account of the admission, against the objection of the defendants, of improper testimony to prove title in the plaintiff.   For the purpose of showing title in himself to the land flowed, the plaintiff offered in evidence a bundle of papers purporting to be copies or transcripts from the record of some ten deeds.   These several deeds were fastened together in one bundle by means of brass fasteners, and there was annexed to the bundle a certificate of the register of deeds of Rock county that he had compared the copies with the records in his office, and that they were true and correct transcripts from the same.   This was the only certificate of these various deeds; and the question is, whether they were so authenticated as to entitle them to be read in evidence.   It seems to us they were not.   Our statute upon the subject provides that whenever a certified copy of any record, document or other paper, is allowed by law to be evidence, such copy shall be certified by the officer in whose custody the same is required by law to be, to have been compared by him with the original, and to be a correct transcript therefrom; and if such officer have any official seal by law, such certificate shall be authenticated by such seal.   Sec. 71, ch. 137, R. S.

The method of authentication contemplated by this statute would seem to be for the officer to certify to each document or record which is offered in evidence.   When this is done, the presumption is strong that the copy is correct, and that the officer has performed his duty by carefully comparing it with the original record in his custody.   And this presumption may properly be made when the copy is certified to by the officer under his official seal.   But where a bundle of papers is fastened together as these were, and there is only one certificate to the whole, one can see how easy it would be to remove one instrument and substitute another in its place, to which the general certificate would apply.   And, as observed by the counsel for the defendants, there are no ear marks by which

the ten paper writings fastened together by the officer can be distinguished from any other ten copies, and the means of identification are in a great degree wanting in this way of authenticating or certifying to the copies. A certificate annexed to each document or record will not always afford perfect protection against fraud or mutilation; but it is manifestly some security against tampering with papers. In the present case, the papers were in the possession of the plaintiff, and were produced by him on the trial; and while there may be no ground for imputing to him any attempt to alter any of them, or to disconnect and substitute others, yet it is apparent that this can be more readily done as they now are, than where each instrument is authenticated by itself. And we have no doubt that correct practice requires that each record or document should thus be authenticated.

The counsel for the plaintiff treats this objection to authenticating papers in gross as simply frivolous and unworthy of serious attention. But we do not so regard it. It seems to us to be incorrect practice, and one not to be tolerated. It was very easy for the clerk to authenticate each deed as contemplated by the statute. And we cannot refrain from animadverting upon what appears to be a growing tendency on the part of officers to be loose and careless in their practice of certifying to copies of records, and verifying returns in judicial proceedings, as if the certificate were a mere matter of form, and it was of no consequence whether it was in accordance with the facts or not. An instance occurred at this term, where, under an order of this court entered in May, papers were sent down to the clerk of the circuit court for a proper return, and the papers were attached together and returned with a certificate made some months previous, and which this court had judicial cognizance was not attached when it was made. *Dill v. White*, 37 Wis., 617. And where faith is given to papers on the credit of an official certificate, or where they are admissible as evidence because they have passed under the

critical examination of the officer having charge of the original, "all the forms and solemnities required by law" should be fully complied with in their authentication. Indeed there is the strongest reason for insisting upon a strict compliance with the law where papers are in possession of a party who produces them at the trial, and which may be liable to alteration, or which may be the subject of fraud or forgery. There are some very judicious and appropriate observations made upon an analogous question by Mr. Justice SMITH in *Knowlton v. Ray*, 4 Wis., 288, which may be consulted with profit.

If these ten or twenty deeds, which were thus fastened together and authenticated in mass by one certificate, had been excluded, as we think they should have been, then it is plain the plaintiff did not prove title in himself to the land overflowed. It is said the former recovery was conclusive on the defendants as to the plaintiff's title; but this position is clearly untenable so far as respects *Ann M. C. Smith* and *Charles D. Mead*, for the reason that that former action was discontinued as to them before verdict. This fact appears upon this record.

The other questions discussed in this case are considered and passed upon in the case of Cobb against these same defendants, and they need not, therefore, be further noticed.

It results from this view, that the judgment of the circuit court must be reversed, and the cause remanded with directions to award a *venire de novo.*

*By the Court.*— It is so ordered.

LYON, J., took no part in the decision of this cause.