SHERBURNE, Administrator, vs. RODMAN.

*March 2 — March 24, 1881.*

COURT RECORD: *(1) Mode of attaching papers.*

MALICIOUS PROSECUTION. *(2)* Evidence: *Direct testimony of defendant as to his motive. (3)* Reversal: *When exclusion of such testimony not fatal error. (4) Advice of counsel, how far a defense.*

1. The fact that papers put in evidence in this case, as constituting a court record, were then found attached together by *brass tacks or brads*, the

whole followed, as a single record, by the proper certificate, *held* sufficient to create a presumption, at least, that they constitute the record so authenticated.

2. In an action for malicious prosecution, defendant, being permitted in this state to testify in his own behalf, may be asked on direct examination whether he made the complaint in such prosecution in good faith, believing the other party was guilty as therein charged, or was actuated by malice in making it.

3. The defendant in such an action denied malice and averred good faith in his verified answer; but the evidence of malice on his part, at the trial, was of a strong and positive character; and there is, in the judgment of this court, no probability that the verdict against him would have been affected by any further denial of malice and assertion of good faith, made by him as a witness. *Held*, that a refusal to permit him to testify directly on that subject is not sufficient ground for a reversal.

4. At defendant's request the court instructed the jury, in substance, that if the present defendant, when he made his complaint against the present plaintiff, and caused his arrest, etc., fully believed all the allegations of that complaint, and if, before making it, he called upon A. B., Esq., an attorney-at-law in good standing, and upon C. D., Esq., an attorney-at-law and district attorney of the county, and fully, fairly and honestly stated to each of them all the material facts in that case, withholding nothing then within his knowledge or belief, and upon such statement took and acted upon the advice of said A. B. and C. D., etc., then this action could not be sustained, "*if such advice was given honestly and in good faith.*" Afterwards defendant further requested the court to give the same instruction *with the last-recited clause omitted*. *Held*, that a refusal of this request was not error. *Plath v. Braunsdorff*, 40 Wis., 107.

APPEAL from the Circuit Court for *Rock* County.

This action was brought by *James Sherburne*, who will be designated as the plaintiff therein, though, in consequence of his death after the trial, the administrator of his estate was substituted as plaintiff. The action was for false imprisonment and malicious prosecution. Such prosecution was one for perjury, alleged to have been committed by the present plaintiff as a witness in his own behalf in an action of replevin brought by him against the present defendant. It appears that, on the trial of the prosecution for perjury, it was discovered that the court had never acquired jurisdiction of the

replevin suit, because the affidavit on file in that suit, as the foundation thereof, was *not signed* by the affiant; and the prosecution for perjury was thereupon dismissed, on the ground that a charge of perjury would not lie for evidence given in an action of which the court had no jurisdiction. On the trial of the present action, plaintiff offered in evidence "a certified copy of the record in the replevin suit, especially of the affidavit on which the suit was commenced;" and defendant's objection to the evidence, on the ground that " the papers were not properly fastened together," and on other grounds, was overruled. Plaintiff also offered in evidence the judgment roll in the criminal prosecution against himself for perjury; and a similar objection to the mode in which the papers constituting such alleged roll were fastened together, was overruled. The mode in which the papers were attached, is stated in the opinion.

Exceptions were taken by defendant to the rejection of certain evidence in his behalf, and to the giving and refusal of certain instructions. The nature of these will sufficiently appear from the opinion.

There was a verdict in plaintiff's favor for $1,000; a new trial was refused; and defendant appealed from a judgment upon the verdict.

For the appellant, there was a brief signed by *R. R. & S. W. Menzie*, his attorneys, and *Bennett & Sale*, of counsel, and oral argument by *Mr. Bennett*. They argued, among other things, 1. That the loose sheets constituting the judgment roll in the replevin suit were inadmissible, not being properly fastened together. *Newell v. Smith*, 38 Wis., 39. 2. That the court erred in not permitting the defendant to testify that he made the complaint in good faith, without malice, and believing the facts stated therein to be true. *McKown v. Hunter*, 30 N. Y., 625; *Wilson v. Noonan*, 35 Wis., 321, 353; *Seymour v. Wilson*, 14 N. Y., 567; *Forbes v. Waller*, 25 id., 430; *Thurston v. Cornell*, 38 id., 281; *Mil-*

ler v. *The People*, 5 Barb., 203; *Griffin v. Cranston*, 1 Bosw., 281; *Griffin v. Marquardt*, 21 N. Y., 121; *Kerrains v. The People*, 60 id., 221; *Snow v. Paine*, 114 Mass., 520; *Clift v. White*, 12 N. Y., 538; *Moore v. Davis*, 49 N. H., 45; *Cram v. Hadley*, 48 id., 191; *Delano v. Goodwin*, id., 203; *Hale v. Taylor*, 45 id., 407; *Graves v. Graves*, id., 323; *Gilman v. Moody*, 43 id., 244; *Norris v. Morrill*, 40 id., 401. 3. That if the plaintiff made a full and fair statement of all the material facts within his knowledge to a respectable practicing attorney, and the latter upon such statement advised a prosecution, the plaintiff was justified in such prosecution, whether the advice was honestly given by the counsel to whom he applied or not. *Cox v. McLain*, 11 Chicago Leg. News, 154; *Loewenthal v. Streng*, id., 162; *Bennett v. Black*, 1 Stew. (Ala.), 494; *Dennis v. Ryan*, 65 N. Y., 385; *McCarthy v. Kitchen*, 59 Ind., 500; *Smith v. Zent*, id., 362; *Burgett v. Burgett*, 43 id., 78; *Sutton v. McConnell*, 46 Wis., 269. 4. That in order to sustain the action there must have been both a want of probable cause and malice. *Spain v. Howe*, 25 Wis., 625; *Plath v. Braunsdorff*, 40 id., 107; Cooley on Torts, 181; Abbott's Trial Ev., 653–5.

For the respondent there was a brief by *Cotzhausen, Sylvester & Scheiber*, and oral argument by *Mr. Cotzhausen*.

ORTON, J. 1. The plaintiff was not bound to introduce in evidence the record of the replevin suit in which the perjury was alleged in the complaint of the defendant to have been committed, as such record was not stated in the complaint, but was set up in the answer as a part of the defense. But he saw fit to offer it in evidence, as also the record in the prosecution for perjury, both of which were objected to; and the only ground of such objection urged in this court is, that the papers in such pretended record were not properly attached, so as to be covered by one authentication. We are cited to the case of

*Newell v. Smith*, 38 Wis., 39, in which copies of several deeds so attached together could not be offered in evidence under one certificate.   That case is very wide of the point here raised as to *court* records, which should be, and must be, attached in some way, and the whole followed as a single record by the proper certificate.   The deeds in the·case referred to could not be attached in any manner so as to be properly authenticated by one certificate.   The objection is very technical, and, we think, untenable, as these records were attached by brass tacks or brads, which is at least a common method, although it would not prevent their separation and the insertion of spurious or forged papers.   There is scarcely any method in use for attaching together court records which affords complete protection against such a crime, but some one perhaps might be adopted by which the crime could be more readily detected.   The record in this cause, as it comes to this court, is attached together by eyelets, and such is the ordinary attachment of records brought before us, and, indeed, our own opinions are so attached.   Whether eyelets or brads are the better and more permanent method, is a question of fact.   The statute (section 2898) in respect to judgment rolls requires the clerk to "attach together and file" the papers in the cause, without directing in what manner they shall be attached together.   Of course, such attachment should be made in a reasonably substantial and permanent manner, so that there may be a presumption, at least, that they constitute the record authenticated.

2. The defendant, as a witness, was asked: "At the time you made the complaint, did you believe *Sherburne* had sworn falsely?"  "At the time you made the complaint, did you make it in good faith?"  "In making the complaint against *Sherburne* for perjury, were you actuated by malice, or did you make it believing he was guilty of perjury, and that he might be punished therefor?"  These questions were objected

to, and the objection sustained; and as they are of the same nature, and rest upon the same rule of admissibility, they will be considered together.

In actions for malicious prosecution, the want of probable cause and malice must concur, and the defendant is allowed, if he can, to disprove either. *Spain v. Howe*, 25 Wis., 625; *Plath v. Braunsdorff*, 40 Wis., 107; *McKown v. Hunter*, 30 N. Y., 625. The intent, good faith and honest belief of the defendant are mental conditions which can be proved only indirectly, presumptively and inferentially by the facts and circumstances of the case; but malice, being a fact to be proved and directly in issue, *now*, since parties are allowed to be witnesses, there seems to be no good reason why the party who alone can positively and directly know and testify to such fact, or in contradiction of such fact, may not so testify, by any and all accepted rules of evidence. We think that within the reason of *Wilson v. Noonan*, 35 Wis., 321, and according to the authorities cited by the learned counsel of the appellant, these questions were proper in this case, going to the question of actual malice, and strictly the circuit court erred in sustaining the objection of the plaintiff to the admissibility of the testimony so offered.

But there is another rule in all such cases, equally strict, and that is, that this court will not reverse a judgment for errors which occur on the trial, if it clearly appears from the whole record that the verdict and judgment are right, and could not properly have been otherwise. *Manny v. Glendinning*, 15 Wis., 50; *Barton v. Kane*, 17 Wis., 37; *State ex rel. v. Avery*, 17 Wis., 672. There was more evidence of the malice of the defendant in his prosecution of the plaintiff for perjury than the mere facts and circumstances tended to show inferentially and indirectly, or than could be inferred from a want of probable cause, which of themselves would have made a strong case against the defendant. There was the direct testimony of several credible and uncontradicted witnesses, that

the defendant, in allusion to the very matter of that prosecution, made against the plaintiff the most violent threats of injury, and used language expressive of the most deeply seated and determined hatred and malice. His prosecution of the plaintiff failed, upon his own evidence, and he knew all the facts of the case, and is presumed to have known that his charge of perjury against the defendant was false and groundless. He frequently and repeatedly, to various persons, expressed his malicious motives in the prosecution, and all the facts and circumstances tended strongly to show that he acted maliciously. In such a case is it probable — nay, is it possible — that the jury would have been at all influenced by the testimony of the defendant, that in that prosecution he acted in good faith and without malice, believing that the plaintiff was actually guilty of perjury in the replevin suit? His testimony in that regard might have been the very strongest denial of malice of which language is capable, and yet it would have been his mere denial, and but a repetition of his denial of malice and allegation of good faith and honest belief in his sworn answer in the case. We cannot think that the defendant was at all injuriously affected by ruling out his testimony on these questions, or that the verdict would or should have been different if it had been received.

3. The learned judge who tried the cause instructed the jury, at the request of the appellant, as follows: "If the jury find from the evidence in this cause, that the defendant, in making the complaint and causing the arrest of the plaintiff, acted, at the time of so doing, in perfect good faith in making the said complaint upon which the warrant was issued upon which the arrest of the plaintiff was made and he was subsequently prosecuted, fully believing all the facts contained in the complaint, and that, before making said complaint, he called upon R. R. Menzie, Esq., an attorney-at-law in good standing, and upon A. D. Thomas, an attorney-at-law and district attorney of Walworth county, and fully, fairly and hon-

estly submitted and stated to them, and each of them, all the material facts implicating the plaintiff, *Sherburne*, including those set forth in the complaint, withholding nothing then within his knowledge or belief, and upon such statement took and acted upon the advice of Thomas and Menzie in making the complaint and causing the arrest and prosecution of the plaintiff, then this action cannot be sustained, *if such advice was honestly and in good faith given.*" The learned counsel of the appellant subsequently asked the court to instruct the jury in substance the same as above, but without the proviso or qualification in the last clause of that instruction, which was refused; and it is now insisted, upon exception, that such refusal was error. Aside from the obvious unfairness, impropriety and inconsistency of asking the court to give the instruction so qualified, and thus assenting to the qualification, and then asking the court to reject such qualification as bad law, we think that the instruction as given was strictly correct and very favorable to the appellant, and that the qualification was eminently proper in this case.

The instruction to the jury in *Plath v. Braunsdorff*, *supra*, was, that " the advice of an attorney at law, *given in good faith,* and with a full knowledge of the facts involved in the issue to be tried, is a complete defense to an action for malicious prosecution on account of such trial." Mr. Justice LYON said, in his opinion in that case: " Were we to criticise it (the charge to the jury) we should say that it is quite as favorable to the defendant as the law will permit." And again: " We are of the opinion that the charge of the court to the jury covered the whole case, and included all that could properly have been given of the proposed instructions." This qualification having undergone the scrutiny of this court in that case, and been fully approved, it is no longer an open question whether it is proper in any case. From the very strong language of the above instruction, given at the request of the appellant, that the advice

given by Thomas and Menzie to the appellant, in the manner and substance as stated in the instruction, *if honestly and in good faith given*, would be a complete defense to the action, and in view of the evidence to which it was applicable, *the inference is almost irresistible that the jury must have found that such advice was neither honestly taken nor honestly given*. Thomas, the district attorney, was the counsel of the appellant in the replevin suit in which the perjury was alleged to have been committed, and had the zeal, interest, feeling and partiality for his client common to attorneys in their cases, and had a knowledge of all the facts from the evidence. R. R. Menzie had been the standing counsel of the appellant for forty years, and drew the complaint for perjury against the plaintiff, which was made before his own son and partner, as justice of the peace. The appellant himself knew, without consulting any one, whether the plaintiff had been guilty of perjury in his testimony in the replevin suit in which they were the parties and witnesses. To say the least of it, advice from counsel so situated, stated in an instruction to the jury as a complete defense to an action for malicious prosecution, should especially have the qualification, "if honestly and in good faith given."

4. Exception is taken to the language in the instructions that "the charge of the defendant is, that the plaintiff committed perjury in swearing that the animal was his — that the title was in him." It is insisted that the perjury was committed in swearing to the marks upon the animal and its identity, and not in swearing that it was his. The question of title depended upon the marks and identity of the animal; and it was therefore not even inaccurate to say that the plaintiff swore it was his, that the title was in him, when he swore to the marks and identity.

Other exceptions to the charge, not especially urged on the argument, will not be noticed, because they appear to be more

captious than substantial. We think this cause was very fairly and fully tried, and that the instructions to the jury were very fair and liberal towards the appellant.

*By the Court.* — The judgment of the circuit court is affirmed.