GEORGE SCHWARTING, Respondent, *v.* VAN WIE NEW YORK GRO-
CERY COMPANY, Appellant.

*Corporation sued for malicious prosecution — its president, the prime mover therein,
may testify as to his motives in having the plaintiff arrested — want of probable
cause is not conclusive on the question of malice.*

In an action brought against a corporation to recover damages for an alleged
malicious prosecution, the president of the corporation, who was alleged to be
the prime mover in the prosecution, should be allowed to testify on behalf of
the defendant as to his motive in having the plaintiff arrested. Such testi-
mony is competent to show absence of malice.

*Semble,* that while a finding of no probable cause authorizes an inference of
malice, it does not establish its existence beyond dispute.

APPEAL by the defendant, the Van Wie New York Grocery
Company, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of West-
chester on the 17th day of October, 1900, upon the verdict of a
jury, and also from an order entered in said clerk's office on the 23d
day of October, 1900, denying the defendant's motion for a new
trial made upon the minutes.

*Lincoln G. Backus,* for the appellant.

*Michael J. Tierney,* for the respondent.

JENKS, J. :

We think that this judgment must be reversed for error in the
rejection of testimony.   The defendant appeals from a judgment of
$500 against it for a malicious prosecution.   The president of the
defendant, who was alleged to be the prime mover in the prosecu-
tion, was asked by his counsel: " Q. What moved you to have
Schwarting arrested?   Objected to as incompetent, as it is a ques-
tion for the jury under all the circumstances of the case.   Q. What
motive did you have in having Schwarting arrested?   Same objec-
tion.   Objection sustained; exception."   The plaintiff's cause of
action depended upon proof both of want of probable cause and
of malice, though it is true that malice may be inferred from want
of probable cause. (*Scott* v. *Dennett Surpassing Coffee Co.,* 51
App. Div. 321, and authorities cited.)   The defendant, therefore,

was entitled to offer any testimony that was competent as evidence to disprove malice. In *McKown* v. *Hunter* (30 N. Y. 625), an action for malicious prosecution, the court reversed the judgment because of the exclusion of questions of similar purport, citing authorities, and saying : " These cases go very far to establish the general principle that where the motive of a witness in performing a particular act or making a particular declaration becomes a material issue in a cause, or reflects important light upon such issue, he may himself be sworn in regard to it, notwithstanding the difficulty of furnishing contradictory evidence and notwithstanding the diminished credit to which his testimony may be entitled as coming from the mouth of an interested witness." (See, too, *McCormack* v. *Perry,* 47 Hun, 74 ; *Rosen* v. *Stein,* 54 id. 179 ; *Dillon* v. *Anderson,* 43 N. Y. 231, 236 ; *Kerrains* v. *People,* 60 id. 221, 229 ; *Bayliss* v. *Cockcroft,* 81 id. 363, 371 ; *Goodman* v. *Stroheim,* 36 N. Y. Super. Ct. 216 ; Newell Mal. Pros. 242, 243, citing *Spalding* v. *Lowe,* 56 Mich. 366 ; *Sherburne* v. *Rodman,* 51 Wis. 474 ; 1 Jones Ev. § 167.) I think that the vice of the proposition of Mr. Justice MULLIN in *Lawyer* v. *Loomis* (3 T. & C. 393) is his assumption that when the jury find no probable cause, malice is thereby established beyond dispute, and not that it may be inferred therefrom ; or, in other words, considered as proved, though still open to testimony *contra* by the defendant. The decision is opposed to the otherwise uniform trend of precedents. The decision of *People* v. *Sherlock,* in the Court of Appeals (166 N. Y. 180), cited by the learned counsel for the respondent, is not an authority in point. That was a conviction for libel. The defendant, who had testified as to his motive and his intent, was asked if, at the time of the publication, he believed in the truth of the article. The question was excluded and the ruling was affirmed. The court cites the opinion in *Commonwealth* v. *Snelling* (15 Pick. 337) : " But how is this defence (justification) to be made ? By proof of the truth of the matter charged as libellous ; not his belief of the truth, not his information, nor the strength of the authority upon which such belief was taken up. No question can arise as to the good motive or justifiable end until the truth is proved." The Court of Appeals, in *People* v. *Sherlock* (*supra*), continues : " Had the defendant given evidence tending to prove the truth of the libelous charge a differ-

ent question would be presented. * * * It is proper, therefore, that a defendant after having given evidence as to the truth of the charge made by him should be allowed to testify to his belief in the truth as bearing on the question of his motive, as the truth alone is not a defense. But where no proof of the truth of the charge is given, the defendant's belief can operate only in mitigation of punishment and not as a defense except in the case of excusable libel." But in a case of malicious prosecution the defendant is not bound to prove the truth of the charge, but only that he had probable cause therefor, that is, the cause which would have justified the action of an ordinarily prudent and cautious man, exercising conscience, impartiality and reason without prejudice upon the facts (*Scott* v. *Dennett Surpassing Coffee Co., supra,* and authorities cited), and the defendant offered testimony for the purpose of establishing this defense. As malice may be inferred from want of probable cause, testimony offered by plaintiff to establish want of probable cause warranted testimony on the part of the defendant that was competent as tending to show absence of malice. We cannot say that the exclusion was harmless error. In *McKown* v. *Hunter (supra)*, and in the leading case of *Seymour* v. *Wilson* (14 N. Y. 567), similar errors were thought grave enough to warrant reversals. The witness, being the president of the defendant and acting, it was alleged for and in behalf of the corporation, could testify as to the intent or motive that characterized the transaction directed or guided by him on behalf of the corporation. (Abb. Tr. Brief on the Facts, § 479, citing *Bank* v. *Kennedy*, 17 Wall. 19, 29.) This reversal is based solely upon the error in the exclusion of the testimony.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.