(69 App. Div. 282.)

### SCHWARTING v. VAN WIE NEW YORK GROCERY CO.

(Supreme Court, Appellate Division, Second Department.    February 21, 1902.)

CORPORATION—WRONGFUL ACTS OF OFFICERS—LIABILITY.

    A corporation was liable for the wrongful act of its president and manager in procuring the arrest of a third person for embezzlement, where it appeared that the president consulted with the corporation's attorney before causing the arrest, that neither the president nor attorney had any apparent interest in the matter except by virtue of their official connection with the corporation, and where the corporate by-laws and minutes were not produced to prove that the president's acts were not within his powers.

Appeal from trial term, Westchester county.

Action by George Schwarting against the Van Wie New York Grocery Company.    Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry D. Hotchkiss, for appellant.
Michael J. Tierney, for respondent.

GOODRICH, P. J.    The action is for malicious prosecution.    The plaintiff proved his arrest upon the complaint of Martin B. Van Wie, the president and manager of the defendant corporation, and his trial, acquittal, and discharge.    He was bound to prove want of probable cause and malice.    The evidence was sufficient to justify the jury in finding on both questions in his favor.    He obtained a verdict, and the defendant appeals from the judgment.

The main contention of the defendant is that it is not liable for the act of Martin B. Van Wie in procuring the plaintiff's arrest. The certificate of incorporation of the defendant is not in evidence;

nor does it appear who were its stockholders or directors, what part of the stock was owned by Martin B. Van Wie, or whether the name "Van Wie" in its corporate title was associated with "Martin." It does appear that Martin was the president of the company. The information sworn to by him states also that he was the manager of the company. Before applying for the warrant, he consulted with Lincoln G. Backus, Esq. Mr. Van Wie testified that Mr. Backus "was the attorney for the company. He was a lawyer, who looked after the business of the company and my own personal business at that time. I consulted Mr. Backus." He further testified: "Mr. Backus acted as attorney for the prosecution in the proceedings before the justice. Previous to that time Mr. Backus had acted as attorney for the company in certain matters. These matters were collections. He did all the business of the company. I don't know what a general retainer is. He was not paid by the year. Whatever he was employed in he was paid for, and the business that he had been employed in related to collections, suits by the company and suits against the company in the matter of collections. During my time the company had no general counsel who acted for it at board meetings and on such occasions when the board of directors was present." Thus we have Mr. Van Wie, the president and manager of the corporation, and Mr. Backus, the attorney of the corporation, consulting together preparatory to deciding to apply for the arrest of the plaintiff. We then have Mr. Van Wie and a clerk of Mr. Backus going together to the magistrate and applying for and obtaining the warrant of arrest. The alleged embezzlement was of funds owned by the defendant. The president and attorney were acting in the interest of the company to recover the funds. Neither of them had any interest, so far as appears, except by virtue of their official connection with the corporation. Both attended before the magistrate, and Mr. Backus prosecuted. Mr. Van Wie was a witness. Mr. Backus was not called as a witness on the present trial, and we must assume that he would not have contradicted the fact that he was the attorney of the corporation. His name as attorney is attached to the complaint in this action. He appeared as counsel for the corporation on a previous trial of this action and on an appeal from the judgment therein. This evidence was sufficient to justify the jury in finding that the plaintiff was arrested at the instance of the defendant, and that the defendant was liable for the acts of Van Wie and Backus as its officers and agents. On the former appeal (60 App. Div. 475, 69 N. Y. Supp. 978) we did not find it necessary to express any opinion upon the liability of the defendant, as we reversed the judgment solely upon error in the rejection of testimony. In Scott v. Coffee Co., 51 App. Div. 321, 64 N. Y. Supp. 1016, we held the defendant corporation liable for an arrest upon the promotion of its secretary after he had consulted with the general manager and general counsel. The present action is based upon the acts of officers higher in power and authority. It may be said that it was within the power of the defendant to produce its by-laws and minutes, to prove that the acts of Van Wie were not within his powers as president and manager, and, in the absence of such evidence,

we may not assume that he was acting without authority. It seems clear that Van Wie was acting within his power as president and manager, and that the corporation is liable for his acts. We do not think the verdict was excessive.

For these reasons the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.