Chief Justice Robep.tson,
delivered the opinion of the court.
This appeal is piosec.uted to reverse a judgment for §500, obtained by the appellee against the appellant, in an action on the case for malicious prosecution.
A demurrer having been sustained to a general plea of probable cause, a special plea was filed, to which *629 the appellee, without traversing the special allegations, replied generally that the pro.-ecution was without pro-bablecauoe,and an issue was dins formed.
T mai¡0jous prosecution, “probable beproved''^ under the gen-which will not determine yprSy0Iflr0" An informal ^adeup°ina proper manner
Or: the general issue, the plaintiff' must prove that the proseutiorv was malicious. Malice is the g ai amen of the action Malice will be. inferred from the want of probable cause.
The appellant insists that the issue was immaterial. The replication is certainly r.ot such an one as might have been required. It was unnecssary to file an affirmative plea. Under the general issue, “probable cause,” if it existed, might have been proved. But the appellant had a right to plead the facts specially, Having filed a plea containing allegations which, if true, amounted to probable cause, a demurrer might have been sustained to the replication, because it did noc traverse these allegations. But the verdict cured the defect in the replication. There was an issue; and that issue was not Immaterial: it was infoimal only.
It was in substance, probable cause or not? An immaterial issue is where that which is materially alleged by the pleadings, is not traversed, but an issue taken on such u point as mill not di hr mine th* case; an informal issue is when such allegations is not traversed in a proper manner.”
After the evidence on both sides was closed, the court refused, on the appellants motion, to instruct the jury, that the grand jury having found the indictment a true bill, he was not bound fo show probable cause, and that the appellee was bound to prove malice to en.itle himself to a verdict. But instructed the jury, on the appellee’s motion, “that, in the absence of proof of probable cause, the jury had a right to infer malice.”
If the rejected proposition import, that the finding by the grand jury was conclusive, the court properly overruled it. But if it mean only, as we inferpnt it; that the finding by the grand jury, was prima f.cie evidence of probable cause, and imposed the onus on the appellee, it was strictly true.
On the general issue, in an action for malicious prosecution, the- plaintiff must prove that the prosecution was malicious. Malice is the gravamen, it may be express or implied. From the absence of “probable cause,” for the prosecution, malice will be infer: ed.
But as the plaintiff must prove malice, proof of the want of “probable cause” devolves on him.
Acquit!;.1 liy a r.e > t\ is e.-itlptice of ittnoce.iop, huí rol uf malicp in the prusicuior or want "fprob-ad '<■ cause. Jn an action for malicious pro sectil ion, alie. a ion of malice or want of probable cmfe is jmljspeusuble
When a grrtttd jury find '»indictment to be a Into bill, it is pñrna facie ev donee 'of “prnbttbk cause,” but not conclusive.
H:s acquital by the vmirz is evidence of his innocence- l-iit it does nol p-ove liic malice of the prosecutor. 1 he defe; dant iv-11 no be eq ft od io |) OvO any thing, un il ¡he pla n ill’slmll have given tome e.idence of mal'ce, independen;]}’ of any iitie: reí ce f orn tl.e ve dim. of acq total. To p esc me dial every pe-ton who has been acqu'tted In a vcrdici, was prosecuted malic'ously, would be not only moon onnble and fid e, hut subversive of jus ice. To establ sh such a prest¡mp io:t as a deduction of law would tend to deier tbe hone.-t from prosecuting (he girliy, and v ould indireedy stimulate m;ilice (o secuie impimi y ly con api means. The all'grlkn of malice, or want of probable cause, is indispensable in an action for malic.or s p.osecution.
Barely averring, that (he plainl'-ff was prosecuted and acqut.cd on his I nal nial, ould be insull.rienf, consequent Jy, proving the same fi-c-s, and nothing more, would be equally unavailing. As it is necessary to aver malice, it is equally necessary to prove malice, and as mal'ce will not necessarily result from the averment cf acquital by the venire, it cannot be Inferred, on the trial, from the proof of such acquittal alone. If the verdict cf not guilty, be evidence that the prosecution was malicious, merely because it is evidence oi the plaintiff’s innocence, then it would be conclusive evidence of malice, because it Is conclusive evidence, that the plaintiff was not guilty.
Such a consequence, could not be admitted as the law of tbe land; and hence, tbe verdict of acquittal is no evidence of malice, or of the want cf probable cause for the prosecution. If a plaintiff should prove nothing mere, than that be was acquitted by the verdict of apetiy jury, surely he would not be entitled to a verdict. Beiore be can be entitled to damages, he must prove some other facts tending to evince a want of probable cause for tbe prosecution; see II Starkie on Evidence, 912; Maddox vs. Jackson, IV H. & M. 462.
W;;en a grand jmy, upon other testimony, than that of the prosecutor alone, find an ji¡d:c,ment to be a true bill, tl.e presumption is prim/ f < i -, that, as they, on lucir oat s, have said toa- I .e person md-cicd is guilty, tne prosecutor had reasonable grounds for tbe prosecution. Nevertheless, the law still presumes *631 that tbe person ind’ctod, is innocent. But this presumption will not repelí rhe infarenc that t iere was “probable cause.” 1 nd consequen „ly, t :e final ac-ciuitu.l of the accused will not,/)??- sc prove a want of “probable cause.”
In Massachusetts, it has boon decided on authorities referred to in bacon’s Abridgment, that the finding of the true bill by a grand jury, is conclusive evidence cf “probable cause.” This doctrine cannot be maintained on principle or by analogy; but it is not without the aid of respectable authority.
The true doctrine is, that the finding by the grand jury, is prima fade of probable cause. And that it should operate thus far at least, is abundantly proved by undeniable authority.
The circuit court erred, therefore, in overruling the instruction asked for by the appellant.
But if we arc mistaken in the construction of that instruction, still the court erred. By refusing to give the instruction asked for by the appellant, and by giving that which was given as the apparent consequence of overrulling the other, the circuit judge virtually told the jury, that the finding by the grand jury was no evidence of probable cause.
This will appear from an analysis of the two proposition.,; that g.-ven, being intended as t .e converse of that wiilcli was rejected, and the decision on the one' seeming to be intended as the consequence of that on the other.
It is true, that, by pleading affirmatively, instead of negatively, the appellant took on .arruelf tie burthen of proof. But piimct facie proof of hie fi.ct, that t.ie indictment was endorsed “a true bill,” by the grand jury,.was enougn to exculpate t.ie appellant, and to sustain his plea until the appellee had proved some fLci(c-tier t.ian his ¡ c ju’tial) from w.ici malice or w..nt ./f p.oh..ble cause mig A be inferred.
There was, cn the t.id, strong evidence on beth sid^s. Cn Wi.jcn side the evidence preponderated, we shall not n,.w m.iniate. But as tiie ciicuit cou.t erred in wituLoidmg t.ie insiructLn asked for by the appellant, or at least may have deceived, and probably did *632 deceive tlio jury by overruling the motion, and by immediately giving the instruction which was given, tuere Snould be a new trial. If the court had not erred, or ti.e jury had not been misled, the verdict m;gát probably have been for the appellant.
Mills and Brown, for appellant; Marshall, Wicklijfe and Wooky, for appellees.
Wherefore, the judgment is reversed, and the cause remanded for a new trial.