CASE.

## Yocum *vs* Polly.

*Case* 106.

APPEAL FROM THE WASHINGTON CIRCUIT.

*Malicious prosecution.   Nolle prosequi.   Malice.   Probable cause.*

*May* 27.

JUDGE MARSHALL delivered the Opinion of the Court.

The case stated.

THIS was an action for a malicious prosecution brought by Polly against Yocum.   The declaration avers that the defendant maliciously, &c. and without probable cause, procured a warrant to be issued for the arrest of the plaintiff on the charge of being present, aiding and assisting in the murder of Preston Coulter, upon which he was arrested, imprisoned, and remained in prison until he was brought before the justices and put upon his trial, and the evidence being heard, the prosecution was dismissed by the Commonwealth.

The warrant and its endorsements show that several others were arrested with the plaintiff, on the same charge; that two of the others having been brought up for trial, and the evidence being heard, the justices discharged one

YOCUM
*vs*
POLLY.

of them, and the Attorney for the Commonwealth directed a *nolle prosequi* as to the other, and also directed a *nolle prosequi* as to the present plaintiff.

We do not regard this as a substantial variance between the allegation and the proof. Nor do we doubt that the entry of a *nolle prosequi*, by the attorney for the Commonwealth, was such a termination of the prosecution as authorized the bringing of this action, if the prosecution was in fact malicious and without probable cause, and if Yocum can be regarded as, in any proper sense, the prosecutor.

But a discharge from the prosecution by a *nolle prosequi* is not *prima facie* evidence of malice, or of want of probable cause, from which malice may always be implied: *Selwyn's Nisi Prius*, 2nd vol. 259; 2 *Starkie on Evidence*, 913.

In the case of *Murray* vs *Long*, 1 *Wend.* 140, it is decided that proof of malice alone will not support the action; that malice may be implied from want of probable cause, but the want of probable cause cannot be implied from the most express malice; and it is well settled that both must concur, to sustain the action. And as both must be averred by the plaintiff, so he must adduce some proof tending to establish both, or at least tending to show that the prosecution was without probable cause, from which malice will be implied: 3 *Starkie*, 911–15, Starkie says, "It is invariably necessary to give some evidence arising out of the circumstances of the prosecution, to show it was groundless, it is insufficient to prove a mere acquittal, or even to prove any neglect or omission on the part of the defendant to make good his charge," &c.

But on another branch of the case, the evidence strongly conduces to prove that any agency which the defendant may have had in the prosecution, so far as the plaintiff was concerned, was wholly in subordination to the Commonwealth's Prosecuting Attorney for the district; that the defendant with other friends of the murdered man had determined to prosecute the actual homicide alone, unless, upon the evidence on his trial, it should appear that the plaintiff and others of his party who were present, ought to be presented; and that the plaintiff, &c.

*Margin note:* A discharge from a prosecution by a nolle prosequi, by Com'lth's Attorney, is not *prima facie* evidence of malice, or want of probable cause. Malice alone will not sustain the action for malicious prosecution, there must be a want of probable cause, both must concur, the latter cannot be infered from malice, though malice may be infered from want of probable cause.

YOCUM
*vs*
POLLY.

would not have been prosecuted, had not the Common-wealth's Attorney, upon information not derived from the defendant, directed the Constable who was acting in the business, to procure a warrant against the plaintiff and others. If this be so, we are well satisfied that whatever malice the defendant may have had against the plaintiff, and there is but little proof of any, he cannot be liable for a prosecution thus instituted by the immediate direction of the Public Attorney, and in which he did nothing, but in subordination to that officer, and to effectuate his directions.

Def't protected from responsibility, whose agency in the prosecution is in subordination to the Com'lth's Attorney, who acts on the information of others, and not by his instigation.

If being, as he was, a justice of the peace, he had, on being informed by the constable of the Attorney's directions, actually issued the warrant, this would not have implicated him, and much less, as we suppose, was he implicated by merely writing the body of the warrant, as requested, when neither the constable nor the other justice who was applied to was able to make it out without a form, and it makes no difference if he, in conjunction with the constable, applied to the other justice for the warrant which had been directed by the Attorney. As to any subsequent agency which he may have had, nothing appears, except that he was used and consulted with by the Prosecuting Attorney as a near friend and relative of the deceased, not instigating the prosecution so far as the plaintiff was concerned, nor officiously interfering to carry out even the directions of the Attorney. If these inferences of fact, which the evidence conduces to establish, are just, surely the opinion and directions of the Attorney for the Commonwealth, founded on information not derived from the defendant, must have the effect of protecting him from liability for such an agency as is here supposed.

Upon considering the instructions given and those refused by the Court, we are satisfied that the principles of law, applicable to the case, were not fairly placed before the jury, and especially that due effect was not given to the agency which the Commonwealth's Attorney may have had in instituting and conducting the prosecution without the instigation of the defendant; and on this ground, as well as because there was no proof of want of

probable cause for the prosecution, we think a new trial should have been granted, and especially as the proof adduced by the defendant, on his motion for a new trial, and which he was not prepared to introduce on the trial, because, as he says, he was not in fact the prosecutor, and did not suppose he would be required to prove probable cause, do most strongly tend to the establishment of probable cause.

Wherefore, the judgmennt is reversed and the cause remanded for a new trial.

*Owsley and C. A. Wickliffe* for appellant: *Morchead & Reed* for appellee.