WILLARD W. PULLEN *vs.* JAMES S. GLIDDEN.

Waldo, 1875.—February 19, 1877.

*Malicious prosecution.*

Though malice in fact, as distinguished from malice in law, is essential to the maintenance of an action for malicious prosecution, yet such "malice in fact" is *not restricted to its popular meaning* of ill-will, resentment, personal hatred, or the like; any act done willfully and purposely to the prejudice and injury of another, which is unlawful, is, in a legal sense, malicious, and is also in fact malicious; but malice in fact is found by the jury, while malice in law is found by the court.

ON EXCEPTIONS.

CASE for malicious prosecution.

The defendant made complaint for forgery against the plaintiff before a magistrate, on which the plaintiff was arrested, and after examination acquitted and discharged from arrest. The plaintiff thereupon brought this action, on the trial of which the presiding justice, upon request of the plaintiff's counsel, instructed the jury that there was no probable cause for the prosecution. He further charged as appears in the opinion. The verdict was for the defendant ; and the plaintiff alleged exceptions.

*J. W. Knowlton*, for the plaintiff.

I. The charge requires malice in its popular sense of hatred or resentment ; and is in conflict with numerous decisions. *Ulmer* v. *Leland*, 1 Maine, 135, 137. *True* v. *Plumly*, 36 Maine, 466, 484. *Page* v. *Cushing*, 38 Maine, 523, 526. 2 Greenl. Ev., §

432. *Wills* v. *Noyes,* 12 Pick. 324. *Commonwealth* v. *Snelling,* 15 Pick. 337, 340. *Merriam* v. *Mitchell,* 13 Maine, 439.

II. The law requires only malice in its legal sense, the phrasing of which as "legal malice," has sometimes caused it to be confounded with "malice in law," which is appropriately used to denote a legal inference of malice from certain facts proved. "Malice in law" is found by the court. "Malice in fact" is found by the jury. "Malice in a legal sense," has reference to definition, and not to the tribunal which finds it. An injurious act willfully done without lawful excuse is in a legal sense malicious, and is malicious in fact, though unmingled with spite or ill-will towards the party injured. For the use of these terms, see *Humphries* v. *Parker,* 52 Maine, 502.

*L. M. Staples,* for the defendant, submitted without argument.

LIBBEY, J. This is an action for malicious prosecution. The presiding judge instructed the jury that there was not probable cause for the prosecution. Upon the question of malice he instructed the jury as follows : "In regard to the other branch of the case necessary to be established by the plaintiff, it is that there was malice ; that the prosecution was malicious ; now what is malice ? There are several kinds of malice ; but the two kinds of malice that may perhaps be considered in this charge are malice in law and malice in fact. Now what is malice in law ? Malice in law is such malice as is inferred from the commission of an act wrongful in itself, without justification or excuse. This is not the kind of malice required in this case. The malice required to be proved in this case is malice in fact. Malice in fact is where the wrongful act was committed with a bad intent from motives of ill-will, resentment, hatred, a desire to injure, or the like. Did such kind of malice exist in the mind of the defendant when he commenced the prosecution in question ? Did he do it from bad intent, from evil motives, or did he not ? Malice may be inferred from want of probable cause, or it may be inferred and proved by other evidence in the case." Again : "If you should find that there was no malice, such as I have described, the plaintiff could not maintain this action."

The plaintiff complains that this instruction required the jury to find malice in its more restricted, popular sense, when proof of malice in its enlarged, legal sense was all that the law requires.

To maintain his case it was necessary for the plaintiff to prove malice in fact as distinguished from malice in law. Malice in law is where malice is established by legal presumption from proof of certain facts, as in action for libel, where the law presumes malice from proof of the publication of the libelous matter. Malice in fact is to be found by the jury from the evidence in the case. They may infer it from want of probable cause. But it is well established that the plaintiff is not required to prove express malice in the popular signification of the term, as that defendant was prompted by malevolence, or acted from motives of ill-will, resentment, or hatred towards the plaintiff. It is sufficient if he prove it in its enlarged legal sense. "In a legal sense any act done willfully and purposely, to the prejudice and injury of another, which is unlawful, is, as against that person, malicious." *Commonwealth* v. *Snelling*, 15 Pick. 337. "The malice necessary to be shown in order to maintain this action, is not necessarily revenge, or other base and malignant passion. Whatever is done willfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal contemplation, malicious." *Wills* v. *Noyes*, 12 Pick. 324. See also, *Page* v. *Cushing*, 38 Maine, 523. *Humphries* v. *Parker*, 52 Maine, 502. *Mitchell* v. *Wall*, 111 Mass. 492.

We think from a fair construction of the instruction upon this point, the jury must have understood that, in order to find for the plaintiff, they must find that the defendant, in prosecuting the plaintiff, was actuated by express malice, in the popular sense of the term. In this respect it was erroneous.

*Exceptions sustained.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.