*Williams & Brown, for appellant.*

*Murray & Powers, for appellees.*

---

MARY WESTERSTORN *v.* B. B. DUNLEAVY, ET AL.

**Malicious Prosecution—Averments in Petition.**

A petition for malicious prosecution is bad when it does not contain an averment either that the plaintiff had been tried and acquitted, or that the prosecution against him had been abandoned, or that final disposition of the case had been made.

**False Imprisonment.**

> A petition for false imprisonment is bad where it shows that the imprisonment was upon a commitment from a justice of the peace, and there is no averment that the justice acted corruptly.

APPEAL FROM MERCER COURT OF COMMON PLEAS.

October 27, 1877.

OPINION BY JUDGE LINDSAY:

Paragraph No. 1 of the original petition shows that appellant was arrested and imprisoned under and by virtue of a warrant issued by a justice of the peace, in which she was charged with having committed a disturbance or breach of the peace, by intruding upon the peace and quiet of the community of Shoners and remaining at their home and domicil against their wish, and refusing to depart when requested, and also with being a disorderly woman and guilty of disorderly conduct.

It is averred that this warrant was procured to be issued by the appellees without palpable cause, and that they were actuated by malice. But it is not averred either that the appellant had been tried and acquitted, or that the prosecution had been abandoned, or that any final disposition had been made of the case. It is essential in an action of this character to allege and prove a trial and acquittal, or at least a discharge from custody. *Carrico v. Meldrum,* 1 A. K. Marsh. 224; *Yocum v. Polly,* 1 B. Mon. 358. Hence this paragraph sets out no cause of action.

The second paragraph charges that appellees wickedly and maliciously conspired together to procure, and did procure, the justice of the peace to enter a judgment, under which appellant was imprisoned in the county jail. It is also charged that this judgment was procured by falsehood and fraud, but there is no averment that the justice was corrupt or induced to enter the judgment by bribery. The proceedings had by the justice are exhibited as part of this paragraph. They show jurisdiction in the court, a proper warrant charging one or more public offenses, a regular trial or investigation, a judgment determining that appellant was a disorderly person and requiring her to give bond in the sum of $50 to keep the peace and be of good behavior, a failure on her part to give the required bond, and an order committing her to jail on account of her failure or refusal to give it.

There being no averment that the justice acted corruptly, this exhibit conclusively contradicts the allegation that the prosecution and

imprisonment was without palpable cause, and therefore this paragraph fails to set out facts constituting a cause of action. The demurrer of appellees to these two paragraphs should have been sustained. The several amendments filed fail to cure the defects of either of these paragraphs.

The paragraph, numbered 3, of the amendment of July 17, must be considered in connection with the other pleadings in the case. It was evidently not an attempt to set up a new cause of action and to ask for damages on account of an alleged assault and battery. It refers to the time and place aforesaid, that is, the time and place at which the appellant was arrested and tried under the warrant issued by the justice, and alleges that at such time and place the defendants assaulted, seized and took her into possession, and without authority of law detained her in their custody, and falsely imprisoned her in the county jail. We have heretofore decided that the arrest, detention and imprisonment were not unauthorized or false.

The amendment of July 23 refers to the same arrest and imprisonment, and for the same reasons cannot be regarded as curing the defects in the pleadings of appellant theretofore filed, or as setting up a new and distinct cause of action. But even if this amendment or paragraph No. 3 could be considered, as attempts to abandon the action for malicious prosecution and to sue for assault and battery, still, as they are amendments to the original petition, with which is exhibited a record conclusively contradicting all allegations of unlawfulness in the seizure, detention and imprisonment of appellant, they would not be good. The defects in these pleadings were not and could not well be cured by the answer of appellees.

Hence, as appellant's pleadings could not have sustained a verdict in her favor, she was not prejudiced by any of the rulings or decisions of the court below, and the judgment must be *affirmed*.

*P. B. Thompson, Jr.,* for appellant.
*Nat Gaither, Kyle & Poston,* for appellees.