## James Chapman v. George Dunn.

*Malicious prosecution—Reasonable cause.*

Defendant had a horse stolen from his pasture. A man of bad reputation, who had served a term in prison and was then under criminal accusation, told a story connecting plaintiff and his son with the larceny. Defendant for some time took no notice of this story, but after three weeks or so went to a Justice and obtained a warrant for plaintiff and his son, on which they were arrested in the night-time, handcuffed and taken to the jail. Defendant with others was with the officer when the arrest was made and the parties taken away. The warrant was obtained without evidence, and the case was continued before the Justice for three weeks, and was then voluntarily abandoned. Plaintiff then brought an action for malicious prosecution. *Held*

1. That defendant when he applied to the justice for a warrant was bound to state to the justice any facts tending to detract from the credibility of the charge against the plaintiff, and if his information came from such a source that he gave it little or no credence himself, he should have stated the fact.

2. The defendant in thus procuring a warrant without evidence and accompanying the officer who made the arrest in the night-time, is responsible for the conduct of the officer and those who accompanied him, in what they did with his apparent acquiescence.

3. A story of crime which in itself or from its source is so incredible or so untrustworthy that a party does not venture to use it as evidence for others to act upon, will not justify him in acting upon it himself to the serious prejudice of others.

Error to St. Joseph. (Pealer, J.) Jan. 14.—Jan. 21.

Trespass for malicious prosecution. Defendant brings error. Affirmed.

*Thomas & Stanton* for appellant.

*Paul Eaton* and *William Sadler* for appellee.

Cooley, C. J. This is an action for malicious prosecution of the plaintiff on a charge of the larceny of a horse. The plaintiff recovered judgment, and the defendant brings error.

The material facts disclosed on the trial are as follows: On the night of June 11, 1880, a horse belonging to defend-

ant was stolen from his pasture. Defendant not finding it offered a reward for its recovery. A young man named Lockhart came forward with a story that on the night of the larceny he was sleeping with plaintiff at the house of one Hamilton, when he heard a peculiar whistle outside and plaintiff got up and went out. Then plaintiff met his son with defendant's horse, and they had some talk together about what should be done with it, and the young man drove it away. Plaintiff returned to the house, and when he found Lockhart had seen and heard what took place, he made severe threats against him if he should ever make disclosure.

Lockhart appears to have been a man of bad reputation, who had served one term in prison and had a criminal accusation pending against him at this time. His story was not immediately acted upon, but on July 8, 1880, defendant went before a justice and made complaint of plaintiff and his son for the larceny, and the justice issued a warrant, upon which they were immediately arrested and taken to jail. No evidence was produced to the justice, and the issuance of the warrant seems to have been entirely without justification or excuse. After the arrest the case was continued before the justice from time to time for three weeks, when the parties were discharged on the abandonment of the prosecution. At no time was Lockhart brought before the justice as a witness, and defendant seems to have become satisfied there was no case against the plaintiff upon which he could ask that the plaintiff should be held for trial.

The questions made on the record in this Court arise on the instructions of the circuit judge to the jury, and on his refusal to give instructions. We have examined the charge with care. It is a very full and careful statement of the judge's view of the law applicable to the case, and in the main it is unexceptionable. We do not think anything was omitted from it which the defendant was entitled to call for. The only doubtful paragraphs in it, if there are any, are the following :

" A man has no right to cause the arrest of another upon mere conjecture that he has committed a crime. The facts

within the knowledge of the defendant, or the information which he had learned, can only justify the prosecution, and these must bear the test as I have before given you, or they will not justify. Defendant cannot justify himself if he falsely or unreasonably construed or applied the facts that he knew, or the information that he received, or if he gave unreasonable credit to the information he received, knowing the source from which it came. In considering this you should weigh all the facts within his knowledge which he reasonably believed. If the defendant knew facts which would have explained the unfavorable ones bearing against the plaintiff, and would have exculpated him, and did not divulge them or make them known to the justice, then he cannot justify himself. He cannot secrete those things that bear in favor of the defense, and justify himself by those in favor of the arrest. It was his duty to disclose the whole facts—all the facts; that is, if they were such as would exculpate him, or explain the unfavorableness of the facts. ·

It is your duty to draw only natural inferences from the circumstances and facts appearing from the evidence in the case; and if they show that he was reckless or wanton, or that he acted against his sense of right or duty, then you should find that he acted maliciously. You should take into consideration all the acts of the defendant, and those who are acting with or for him, or under his direction, at the house of plaintiff, and on the way to Bronson, in order to determine his motives; whether or not the officers refused to inform the accused parties or their family of the cause of the arrest, or where they were going to take them; also whether or no the plaintiff made false statements then that would in any way explain the subsequent conduct of the defend-- ant in the case. It was the duty of Dunn not to insist upon the continuance of the prosecution after he discovered that the accusation was unsupported by probable cause. You have a right and it is your duty to consider what they did before the justice in the first instance ; whether or no any witnesses were called to be sworn in support of this complaint ; whether this man Lockhart was brought in in any way; whether this defendant called to see him ; whether he talked with him when he was there; what the officers did at his house ; what measures he took to satisfy himself of the truth of this story. The advice of the justice of itself—this will not shield him. It is a circumstance, however, bearing on his good faith after the arrest, and the party was brought before the justice. It is proper for you to consider and inquire whether they there

offered any evidence at all against this party. Did it ever appear that a larceny was committed? Was there any testimony offered on either side that caused the discharge? Was he discharged after examination, or was the prosecution voluntarily abandoned? What was the decision of the court? All these circumstances you are to take into consideration, and the further evidence in the case, to determine what was the real conduct of this party in the case. Was there malice or not, or recklessness that amounted to malice?

Persons making complaint against others for felonies cannot act on the story of a disreputable person, made under circumstances that should lead a reasonable man under similar circumstances to believe his story was a mere fabrication or made to divert attention from himself as the real criminal."

In so far as these instructions held the defendant reponsible for the acts of the officer and those who accompanied him in making the arrest, they were correct under the circumstances of the case. The defendant procured the warrant without evidence, and accompanied the officer when he went to make service. Plaintiff and his son were taken from their home late at night, handcuffed and taken to jail, with the defendant's acquiescence and by his procurement, and there is no ground for a suggestion on his part that he ought to be excused from responsibility for what was done by the officer and his party.

The instructions are also correct in what is said regarding the duty of the defendant to make to the justice full disclosure of any facts which would tend to discredit the accusation. The most important fact having that tendency was the bad reputation of Lockhart; and that was so bad that it is very evident the defendant gave his story slight credence if any. His whole treatment of the case indicates that he only accepted Lockhart's story as possibly true, and caused the Chapmans to be seized and locked up in the hope that he might procure some reliable evidence. A story that in itself or from its source is so incredible or untrustworthy that a party does not venture to use it as evidence for others to act upon, can hardly justify him in acting upon it himself

to the serious prejudice of others. On the whole record we discover no ground for just complaint on the part of defendant, and

The judgment is affirmed.

The other Justices concurred.