TAYLOR *v.* RICE.

*(Circuit Court, D. Indiana. March 31, 1886.)*

MALICIOUS PROSECUTION—PROBABLE CAUSE—EVIDENCE—NEW TRIAL.
        On examination of the evidence, *held*, that there was probable cause for the prosecution.[1]

Motion for New Trial.

*Cyrus McNutt* and *Delana E. Williamson*, for plaintiff.

*J. W. Gordon* and *McDonald, Butler & Mason*, for defendant.

WOODS, J. By the form of his complaint the plaintiff assumed the burden, presumably difficult, of showing that the plaintiff went

---

[1] See note at end of case.

before the grand jury of Parke county and maliciously testified falsely, and procured others to testify, that the defendant, upon the person of the woman named, had produced a criminal abortion and miscarriage, resulting in the death of both woman and child, and by means of said false evidence had maliciously, and without probable cause, procured the indictment of the plaintiff for the crime of abortion.

There is a clear lack of evidence to support this charge as made; indeed, if a strict construction of the complaint had been insisted upon at the trial, the court would probably have deemed it proper to direct a verdict for the defendant; but the case having been argued before the jury upon the conceded theory that the second paragraph of the complaint contains a separate charge against the defendant of wrongful assistance to the prosecution, rendered after the indictments had been found, it was deemed proper to submit that issue, and the others with it, to the consideration of the jury. Defendant's counsel now insist, and I agree with them, that this charge is not well laid, because it is not shown that the alleged assistance was rendered maliciously and without probable cause. If, however, there were no other objection to the verdict, I should be inclined to hold the defendant estopped to make this one. But limiting the case, as I think it clearly must be limited, to the charge of assistance at the trial, I should feel constrained to declare the damages excessive. Even, if the evidence were sufficient to support the charge that the defendant originated as well as aided the prosecution, the award would, under the circumstances in proof, be well up to, if not above, the line which would challenge consideration whether or not the jury had been swayed by passion, resentment, or other undue influence.

That this verdict was not the result of a dispassionate consideration of the evidence seems to me altogether probable; especially in the light of some of the arguments and appeals made to the jury. I allude more particularly to the denunciation of the defendant on account of the alleged desecration of the grave and body of the deceased woman, opened for the purpose of the official *post mortem* examination. This sacrilege, and the outraged feelings of the husband and son and kindred, as if the plaintiff stood for them all, and other considerations equally irrelevant to the rights of the litigants, were woven into multifarious appeals of such eloquence and force as to leave little room for wonder at the result. I am not to be understood as implying by the allusion made to this subject a criticism or reflection upon the conduct of counsel, nor as resting my decision upon this ground. I simply recognize the facts as they occurred, and find in them strong support for my conclusion, that for other reasons the verdict returned is not right.

In addition to the reasons stated, I am of opinion that the defendant had reasonable cause to believe the plaintiff guilty of the crime for which he was indicted. Omitting details, I will refer only to the

principal facts, or outlines of the case, as it was known, and must, or at least may reasonably be supposed to, have appeared to Dr. Rice. He was called to see Mrs. N. in consultation with Dr. Cross. Her previous symptoms, so far as then deemed material by her or her husband, and by Dr. Cross, were presumably made known to him. What they were is not disputed, and that they, in the main, indicated a state of pregnancy commenced in the previous August is quite clear. Mr. and Mrs. N., however, did not entertain, perhaps were unwilling to accept, that view of the case; and Dr. Cross, too, was uncertain. After a careful examination, no matter now just how made, Dr. Rice became certain upon the point, and informed Mr. and Mrs. N. of his conclusion; told her she had no organic trouble, and only needed to keep up courage, and she would be all right in a few months. Without doubt Dr. Rice believed the pregnancy to be with a live child. He discovered and was told nothing to raise the slightest doubt on that point; nothing of an unusual flow of water, nor of bad odors. The woman, for weeks, had suffered greatly with more or less constant nausea and vomiting, and was considerably weakened, and much of the time kept to her bed; but when Dr. Rice left he did not apprehend—saw no cause to apprehend—danger. No reason is apparent why Dr. R's view of the case should not have been accepted by Mr. N. as true, and as a sufficient explanation of the failure of previous treatment to afford relief from the nausea; but upon his next visit, two days afterwards, Dr. Cross was discharged, and on the evening of the same day the plaintiff and his father arrived, in obedience to a summons sent immediately after Dr. R.'s visit. The plaintiff and father were informed at once, it seems, of an unusually large discharge of water, which should have occurred two or three weeks before, and of bad odors from the woman's person,—facts which, strangely, were not told to Dr. Cross or Rice; and, upon examination, became convinced of the presence in the womb of either a false conception or a dead and decayed fetus. They claim, also, to have found the woman so far gone as to fear she would not live till morning, and, through motives of timidity, as they were strangers, did nothing for her the first night; and notwithstanding the only proper course, if there was a dead and decomposing fetus in the womb, was to proceed at once to remove it, for several days did nothing, as is claimed, but give brandy as a stimulant, and a drug to allay nausea, in the hope, apparently without foundation, that she might regain strength to expel the fetus without artificial aids. Finally, with the aid of Dr. Challenger, the elder Taylor having withdrawn from the case, the plaintiff resorted to the use of instruments,—what they were and just how used is put in some doubt,—and after the third operation accomplished the abortion. To what extent the fetus was decomposed, and of what age at its death, there were differences of opinion. For two or three days after the operation the woman seemed to regain strength, and to be

likely to get well, but at or near the end of a week she died. The plaintiff reported as the cause of death *pyæmia* in the lungs, resulting from blood poison caused by the dead fetus.

The death and its circumstances and cause became the subject of talk and discussion in the neighborhood. Dr. Rice, upon hearing of the death, declared that the Taylors had murdered the woman, and ought to be prosecuted, and pronounced the claim that the fetus had been long dead a lie. About this time the plaintiff wrote to Dr. Cross the letter which was put in evidence. That letter contains a statement which implies that the plaintiff was justified in producing the miscarriage in order to relieve the woman from nausea and vomiting which threatened her life; but this is followed immediately by the assertion that the fetus was dead and greatly decomposed. At the instance of Dr. Cross, supported or encouraged by Dr. Rice, the acting coroner caused a *post mortem* examination of the woman's body, and of the remains of the child. This examination was made by three physicians, assisted by Drs. Cross and Rice. They examined the woman's lungs, found them healthy in appearance, without a sign of *pyæmia*; but in the womb and adjacent parts they found inflammation sufficient to account for the death; and all have declared on oath their belief that the death was the direct result of that cause. If, in fact, the fetus had been dead so long as to become decayed, or if it was dead before the plaintiff commenced his effort to remove it, there is no apparent reason, and none has been suggested, why the plaintiff should have disputed the facts stated by these physicians, or that the cause of death was as they claim. Nevertheless, the plaintiff caused the body to be taken up a second time, and examined by a number of physicians of his own school, and, by the aid of the microscope, claimed to have found in the lungs evidence of *pyæmia* sufficient to have caused the death, and that in the womb and adjacent parts there was not such inflammation as to cause death. On the trial the plaintiff was corroborated in respect to this theory by one of his assistants at the examination. The others did not testify. It may be that Dr. Rice knew or had heard of other facts, circumstances, or statements than those mentioned, but, if so, not of such significance as to change essentially the nature of the case as outlined. While these facts and circumstances fall short of showing, beyond reasonable doubt, a case of criminal abortion, they are such as to evoke the gravest suspicions; and, in my judgment, strong enough to justify any good citizen, if he chose to do it, in moving the grand jury to an investigation; and, an indictment having been returned by that body, to warrant him in giving assistance to the prosecution.

New trial granted.

### NOTE.

An action will lie for malicious prosecution against a party who causes the arrest of a person for the purpose of ascertaining who perpetrated an offense. *Johnson v. Ebberts,* 11 Fed. Rep. 129. The malice necessary to sustain such an action is not express malice, a specific desire to vex or injure another from malevolence or motives of ill-

will, but the willful doing of an unlawful act, to the prejudice of another. Johnson v. Ebberts, 11 Fed. Rep. 129; Frowman v. Smith, Litt. Sel. Cas. 7. Malice in such a case is not to be presumed from want of probable cause; the jury must find the malice as a substantial fact in the case. Johnson v. Ebberts, 11 Fed. Rep. 129. See Wheeler v. Nesbitt, 24 How. 551; Stewart v. Sonneborn, 98 U. S. 191; Levy v. Brannan, 39 Cal. 488. If an imprisonment is under legal process, but the action has been commenced and carried on maliciously, and without probable cause, it is malicious prosecution. Murphy v. Martin, (Wis.) 16 N. W. Rep. 603; Colter v. Lower, 35 Ind. 285. Where defendants were members of an association that wrongfully, and without probable cause, instituted criminal proceedings against the plaintiff, and personally acted in furtherance of the unlawful act, they were held responsible. Johnson v. Miller, (Iowa,) 17 N. W. Rep. 34. Prosecution of an innocent person, without using reasonable care to ascertain the facts, is not justifiable. Walker v. Camp, (Iowa,) 19 N. W. Rep. 802. It has been held that one who wrongfully causes a criminal action to be commenced is liable for the proceeding in and continuance of the same. Johnson v. Miller, (Iowa,) 17 N. W. Rep. 34; Bacon v. Towne, 4 Cush. 217. Approving arrest of debtor by creditor caused by party acting for him renders liable for actual damages sustained. Rosenkranz v. Barker, (Ill.) 3 N. E. Rep. 93; Grund v. Van Vleck, 69 Ill. 478. It has been said that a partner cannot be held liable for the arrest of a debtor by a copartner, when he neither directs, participates in, nor receives any benefit from, such arrest. Rosenkranz v. Barker, (Ill.) 3 N. E. Rep. 94. See Gilbert v. Emmons, 42 Ill. 143; Grund v. Van Vleck, 69 Ill. 478. And where a debt has been transferred to parties outside of the state, where, by appropriate judicial proceedings, it is collected with greater facility and more effectually than it could have been done in the state, no action for damages will lie therefor, even though the debtor may have been annoyed and put to additional inconvenience by such transfer. Uppinghause v. Mundel, (Ind.) 2 N. E. Rep. 719.

**1. PROBABLE CAUSE.** Probable cause not existing as to the party who instigated the prosecution, the fact that the party who made the criminal complaint had probable cause to believe it true, is no defense. Woodworth v. Mills, (Wis.) 20 N. W. Rep. 728. In actions for malicious prosecution the want of probable cause and malice must concur, and the defendant is allowed, if he can, to disprove either. Sherburne v. Rodman, (Mich.) 8 N. W. Rep. 414; Spain v. Howe, 25 Wis. 625; Plath v. Braunsdorff, 40 Wis. 107; McKown v. Hunter, 30 N. Y. 625. Where defendant had probable cause for believing plaintiff guilty of the crime charged, it mattered not how maliciously he may have acted in instituting and prosecuting the case, he is not liable. Murphy v. Martin, (Wis.) 16 N. W. Rep. 603.

It was held by the supreme court of Michigan, in the case of Smith v. Austin, 13 N. W. Rep. 593, that an action for malicious prosecution cannot be maintained against the complainant in a criminal proceeding for which there was probable cause, no matter how evil or malicious his motive may have been in making the complaint. Hamilton v. Smith, 39 Mich. 222. Also, that it cannot be maintained if complainant, after fully and fairly disclosing to the prosecuting officer everything within his knowledge which would tend to cause or to exclude belief in plaintiff's criminality, left him to determine, on his sole responsibility, whether the proceedings should be instituted, even though the case were not a proper one for prosecution.

**(1) Definition of.** Probable cause is defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the accused was guilty. Ross v. Langworthy, (Neb.) 14 N. W. Rep. 515; Boyd v. Cross, 35 Md. 197; Cooper v. Utterbach, 37 Md. 282. Probable cause is "the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted. Brewer v. Jacobs, 22 Fed. Rep. 217; Walker v. Camp, (Iowa,) 19 N. W. Rep. 802; Wheeler v. Nesbitt, 24 How. 544; Barron v. Mason, 31 Vt. 189.

**(2) Want of Probable Cause.** By a "want of probable cause" is meant an absence of rational grounds of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious and reasonable man in the belief that the person accused is guilty of the crime charged. Davie v. Wisher, 72 Ill. 262. "The question of what constitutes probable cause," say the supreme court of New York, in Fagnan v. Knox, 66 N. Y. 525, "does not depend upon whether the offense has, in fact, been committed, nor whether the accused is guilty or innocent, but upon the prosecutor's belief, based upon reasonable grounds. Bacon v. Towne, 4 Cush. 238. The prosecutor may act upon appearances; and if the apparent facts are such that a discreet and prudent man would be led to the belief that the accused had committed a crime, he will not be liable in the action, although it may turn out that the accused was innocent. Carl v. Ayers, 53 N. Y. 17. If there be an honest belief of guilt, and if there exist reasonable grounds for such belief, the party will be justified. But however suspicious the appearances may be from existing circumstances, if the prosecutor has knowledge of facts which will ex-

plain the suspicious appearance, and exonerate the accused from a criminal charge, he cannot justify a prosecution by putting forth the *prima facie* circumstances, and excluding those within his knowledge which tend to prove innocence." In an action for damages for malicious prosecution in procuring plaintiff to be indicted for perjury, an averment in the petition which clearly and distinctly alleges that the defendant maliciously and without probable cause procured the indictment to be found sufficiently avers the want of probable cause. Hampton v. John, (Iowa,) 12 N. W. Rep. 276.

In action for malicious prosecution plaintiff must establish the want of probable cause. Dwain v. Descalso, (Cal.) 5 Pac Rep. 903. Want of probable cause will not be inferred from even express malice, Wheeler v. Nesbitt, 24 How. 544; but must be proved by plaintiff. Good v. French, 115 Mass. 201; Levy v. Brannan, 39 Cal. 485.

(3) *What Amounts to.* It is enough if the prosecutor acted with such a degree of impartiality, reasonableness, and freedom from prejudice as can fairly be expected of a man of ordinary prudence and caution, acting without malice. Casey v. Sevatson, (Minn.) 16 N. W. Rep. 407. See Cole v. Curtis, 16 Minn. 182, (Gil. 161;) Bacon v. Towne, 4 Cush. 238; McGurn v. Brackett, 33 Me. 331. It is said that if the evidence on the trial of the criminal charge is such as to cause the jury to hesitate as to an acquittal, it was evidence of probable cause. Johnson v. Miller, (Iowa,) 17 N. W. Rep. 34; Smith v. MacDonald, 3 Esp. 7. Mere suspicions, without reasonable ground for believing them to be founded in fact, will not amount to a probable cause. Hirsch v. Feeney, 83 Ill. 548. Real belief and reasonable ground must unite to afford a justification. Farnam v. Feeley, 56 N. Y. 451. It is said that a conviction before a magistrate of assault and battery does not show probable cause for having instituted an action for assault with intent to kill. Labar v. Crane, (Mich.) 14 N. W. Rep. 495.

(*g*) *Belief of Prosecutor.* Probable cause does not depend upon mere belief, however sincerely entertained. The law imposes the additional requisite of such facts as would induce a reasonable man to believe the accused was guilty, and nothing short of this will justify the institution of criminal proceedings. Ross v. Langworthy, (Neb.) 14 N. W. Rep. 515; Cooley, Torts, 182. Neither does it depend upon the guilt or innocence of the accused, but upon the prosecutor's belief in it at the time of prosecution, upon reasonable grounds. King v. Colvin, 11 R. I. 582; Foshay v. Ferguson, 2 Denio, 617; Burlingame v. Burlingame, 8 Cow. 141; Scanlan v. Cowley, 2 Hilt. 489; French v. Smith, 4 Vt. 363; Swaim v. Stafford, 3 Ired. 289; Johnson v. Chambers, 10 Ired. 287; Raulston v. Jackson, 1 Sneed, 128; Faris v. Starke, 3 B. Mon. 4; Delegal v. Highley, 3 Bing. (N. C.) 950; Jacks v. Stimpson, 13 Ill. 701; Wade v. Walden, 23 Ill. 425. Although the facts known make out a *prima facie* case of guilt, yet, if the circumstances are all consistent with the innocence of the party, and the prosecutor knows the accused is not guilty, or does not believe him to be guilty, he cannot have reasonable cause for the prosecution. Woodworth v. Mills, (Wis.) 20 N. W Rep. 728. See Turner v. Ambler, 10 Q. B. 252; Broad v. Ham, 5 Bing. (N. C.) 722; Fagan v. Knox, 1 Abb. (N C.) 246; Townsh. Sland. & Lib. § 428, p. 715.

The court say, in Sherburne v. Rodman, *supra*, that "the intent, good faith, and honest belief of the defendant are mental conditions which can be proved only indirectly, presumptively, and inferentially by the facts and circumstances of the case; but malice being a fact to be proved and directly in issue, since parties are allowed to be witnesses there seems to be no good reason why the party alone cannot positively and directly know and testify to such fact." See Wilson v. Noonan, 35 Wis. 321. And it has been held that an action for malicious prosecution will lie "if the defendant knew that the charge was false and unfounded, and by that means procured the plaintiff to be indicted and brought to trial, even though the charge made did not constitute the crime alleged or any crime." This seems to be the general doctrine in this country. See Stone v. Stevens, 12 Conn. 219; Hays v. Younglove, 7 B. Mon. 545; Stancliff v. Palmeter, 18 Ind. 321; Stocking v. Howard, 24 Alb. Law J. 537; Sweet v. Negus, 30 Mich. 406; Collin v. Love, 7 Blackf. 416; Forrest v. Collier, 20 Ala. 175; Braveboy v. Cockfield, 2 McMul. 270; Gibbs v. Ames, 119 Mass. 60. Evidence of admission of defendant that he was the instigator of the prosecution, and that it was without probable cause, is competent. Woodworth v. Mills, (Wis.) 20 N. W. Rep. 728.

(*b*) *Discharge by Justice or Ignoring by Grand Jury.* It is held by some courts that where the accused was discharged by the examining magistrate, or the bill was ignored by the grand jury, such fact is evidence of want of probable cause. Sappington v. Watson, 50 Mo. 83. But the better, as well as the more general, doctrine is that a justice's finding is not final as to probable cause. Spalding v. Lowe, (Mich.) 23 N. W. Rep. 46. It has been said that an entry made in his docket by a justice of the peace before whom a criminal cause was tried, declaring the suit instituted maliciously and without probable cause, is not admissible in action for malicious-prosecution. Casey v. Sevatson, (Minn.) 16 N. W. Rep. 407. See Granger v. Warrington, 3 Gilman, 299.

(*c*) *Discharge by Nolle Prosequi, etc.* It has been said that a discharge from the prosecution by a *nolle prosequi* is not *prima facie* evidence of want of probable cause. Yocum

v. Polly, 1 B. Mon. 358, Flickinger v. Wagner, 46 Md. 580; but it is held that dismissing an action voluntarily is *prima facie* evidence of want of probable cause. Wetmore v. Mellinger, (Iowa,) 14 N. W. Rep. 722: Green v. Cochran, 43 Iowa, 544; Burhans v. Sandford, 19 Wend. 417.

(*d*) *Finding "True Bill" by Grand Jury.* It is said that the finding of a "true bill" or indictment by a grand jury is *prima facie* evidence of probable cause, Johnson v. Miller, (Iowa,) 17 N. W. Rep. 34; Garrard v. Willet, 4 J. J. Marsh. 628; although such prosecution may have resulted in an acquittal. Id. It is said that an action for malicious prosecution may be founded on an indictment whereon no acquittal can be had because *coram non judice,* insufficiently drawn, or the like; for it is not the danger of the plaintiff, but the scandal, vexation, and expense upon which the action is founded. Castro v. De Uriarte, 12 Fed. Rep. 250. See Goslin v. Wilcock, 2 Wils. 302; West v. Smallwood, 3 Mees. & W. 418; Wicks v. Fentham, 4 Term. R. 247; Pippet v. Hearn, 5 Barn. & Ald. 634; 3 Bl. Comm. 127.

(*e*) *Conviction by Court of Competent Jurisdiction.* Conviction of a party charged with a crime is not conclusive in an action for malicious prosecution, upon the question of probable cause for prosecution; but may be rebutted by proof that the same was prosecuted by false and malicious testimony. Bowman v. Brown, (Iowa,) 3 N. W. Rep. 609; Moffatt v. Fisher, 47 Iowa, 473. And it is held that a conviction before a justice of the peace is only *prima facie* evidence of probable cause. Bowman v. Brown, (Iowa,) 3 N. W. Rep. 609; Olson v. Neal, (Iowa,) 18 N. W. Rep. 863. See Ritchey v. Davis, 11 Iowa, 124; Moffatt v. Fisher, 47 Iowa, 473; 2 Greenl. Ev. ? 457.

Yet it has been held that the judgment of a court of competent jurisdiction finding the accused guilty is conclusive evidence of probable cause, Whitney v. Peckham, 15 Mass. 243; Cloon v. Gerry, 13 Gray, 203; Dennehey v. Woodsum, 100 Mass. 197; but to bring the case within this rule the justice must have acted judicially and not ministerially, and the result have been reached without artifice, fraud, or collusion. Com. v. Davis, 11 Pick. 432; Kaye v. Kean, 18 B. Mon. 839; Herman v. Brookerhoff, 8 Watts, 240. In other cases it is held only to be *prima facie* evidence when reversed on appeal. Goodrich v. Warner, 21 Conn. 432; Womack v. Circle, 29 Grat. 192. See Burt v. Place, 4 Wend. 591.

And it has been held that a conviction before a justice of the peace on a criminal charge, although there was an acquittal upon appeal, is conclusive evidence of probable cause. Whitney v. Peckham, 15 Mass. 243; Witham v. Gowen, 14 Me. 362. But it is said in Bacon v. Towne, 4 Cush. 217, the authority of the first case has been doubted in Burt v. Place, 4 Wend. 591, and that if the conviction before the justice is regarded "as evidence of probable cause, we think it is *prima facie* only, and not conclusive." This is the doctrine in Iowa. Johnson v. Miller, (Iowa,) 17 N. W. Rep. 34; Moffatt v. Fisher, 47 Iowa, 473. But it is said by the supreme court of Michigan, in Phillips v. Village of Kalamazoo, 18 N. W. Rep. 547, that, as a rule, a conviction before a magistrate, even though reversed on appeal, is a bar to a suit for malicious prosecution. See Cooley, Torts, 185.

(*f*) *Mixed Question of Law and Fact.* What constitutes probable cause is a mixed question of fact and law. Johnson v. Miller, (Iowa,) 17 N. W. Rep. 34; Gee v. Culver, (Or.) 6 Pac. Rep. 775; Murray v. McLane, 5 Hall, Law J. 515; Nash v. Orr, 3 Brev. 94; Stone v. Crocker, 24 Pick. 81; Travis v. Smith, 1 Pa. St. 234; Hill v. Palm, 38 Mo. 18; Cole v. Curtis, 16 Minn. 182, (Gil. 161;) Driggs v. Burton, 44 Vt. 124. It is for the jury to say what facts are proved, and it is for the court to say whether those facts constitute probable cause. Ross v. Langworthy, (Neb.) 14 N. W. Rep. 515; Turner v. O'Brien, 5 Neb. 547; Johns v. Marsh, 9 Rep. 143: Boyd v. Cross, 35 Md. 194. Thus, it is said that the question of probable cause is one of law for the court, Parli v. Reed, (Kan.) 2 Pac. Rep. 635, and the question of malice is for the jury. Parli v. Reed, (Kan.) 2 Pac. Rep. 635; Malone v. Murphy, 2 Kan. 250. What is probable cause is a question of law, to be determined from the facts as found by the jury. Eastin v. Bank of Stockton, (Cal.) 4 Pac. Rep. 1106.

(4) *Practice.* The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show it probable are true and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law. It is therefore generally the duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what facts it proves, with instructions that the facts found amount to proof of probable cause, or that they do not. Castro v. De Uriarte, 16 Fed. Rep. 93; Stewart v. Sonneborn, 98 U. S. 187; Heyne v. Blair, 62 N Y. 19; Sutton v. Johnstone, 1 Term R. 493. It is said that the court should group the facts together in the instructions which the evidence tends to prove, and then instruct the jury, if they find such facts have been established, they must find there was or was not probable cause. Johnson v. Miller, (Iowa,) 17 N. W. Rep. 34; Owen v. Owen, 22 Iowa, 271, Shaul v. Brown, 28 Iowa, 37; Gee v. Culver, (Or.) 6 Pac. Rep. 775; Haddrick v. Heslop, 12 Q. B. 275. And where facts are undisputed, the court should instruct the jury that there was or was not

probable cause. Fulton v. Onesti, (Cal.) 6 Pac. Rep. 491 ; Harkrader v. Moore, 44 Cal. 152; Brewer v. Jacobs, 22 Fed. Rep. 217; Castro v. De Uriarte, 16 Fed. Rep. 93; Commissioners v. Clark, 94 U. S. 278, 284; Parli v. Reed, (Kan.) 2 Pac. Rep. 635; Besson v. Southard, 10 N. Y. 240; Stone v. Crocker, 24 Pick. 81; Travis v. Smith, 1 Pa. St. 234; Hill v. Palm, 38 Mo. 13; Wells v. Parsons, 3 Har. (Del.) 505: Wells, Law & Fact, § 291.

(5) *Intent.* Where intent or motive is involved in the issue, the person to whom such intent or motive is imputed is 'a competent witness, unless rendered incompetent by some statutory inability. Spalding v. Lowe, (Mich.) 23 N. W. Rep. 46 ; Watkins v. Wallace, 19 Mich. 57. In an action for malicious prosecution and false arrest, the defendant may prove the bad reputation of the plaintiff to rebut the want of probable cause. Rosenkranz v. Barker, (Ill.) 3 N. E. Rep. 93; O'Brien v Frasier, (N. J.) 1 Atl. Rep. 465. See Israel v. Brooks, 23 Ill. 575; Bacon v. Towne, 4 Cush. 240; Pullen v. Glidden, 68 Me. 563; Fitzgibbon v. Brown, 43 Me. 169; 3 Suth. Dam. 708.

(6) *Advice of Counsel.* Where a party has communicated to his counsel all the facts bearing on the case. of which he had knowledge, or which he could have ascertained by reasonable diligence, and has, in good faith, acted upon the advice received, a want of probable cause will be negatived, and the party will not be held liable, Walter v. Sample, 25 Pa. St. 275; Wicker v. Hotchkiss, 62 Ill. 107 ; Anderson v. Friend, 71 Ill. 475 ; Davie v. Wisher, 72 Ill. 262 ; Ash v. Marlow, 20 Ohio, 119 ; Eastman v. Keasor, 44 N. H. 519.; Hill v. Palm, 38 Mo. 13 ; but he must act in good faith after stating all the facts, and the advice must be given honestly and in good faith, Sherburne v. Rodman, (Wis.) 8 N. W. Rep. 414; see Plath v. Braunsdorff, 40 Wis. 107 ; for advice of counsel is of no avail as a defense unless defendant acted in good faith in instituting the suit, Wetmore v. Mellinger, (Iowa,) 14 N. W. Rep. 722; Center v. Spring, 2 Iowa, 393 ; and in suits for malicious prosecution the advice of counsel is referable rather to the issue of malice than the want of probable cause. If the jury can see, from all the facts, that the suit was malicious, notwithstanding the advice of counsel, that fact affords no protection. Brewer v. Jacobs, 22 Fed. Rep. 217.

It is said in Walter v. Sample, 25 Pa. St. 275, that "professors of the law are proper advisers of men in doubtful circumstances, and their advice, when fairly obtained, exempts the party who acts upon it from the imputation of proceeding maliciously and without probable cause. It may be erroneous, but the client is not responsible for the error. He is not the insurer of his lawyer. Where the fact of probable cause is in the very question submitted to counsel in such cases, and when the client is instructed that they do, he has taken all the precaution demanded of a good citizen. To manifest the good faith of the party it is important that he should resort to a professional adviser of competency and integrity. He is not, in the language of Judge Royes, to make such resort ' a mere cover for the prosecution ;' but, when he has done his whole duty in the premises, he is not to be made liable because the facts did not clearly warrant the advice and prosecution. * * * Suppression, evasion, or falsehood would make him liable; but if fairly submitted, and if the advice obtained was followed in good faith, he has a defense to the action."

(a) *Advice of District Attorney.* The rule is the same where the defendant acted under the advice of the district attorney. Thompson v. Lumley, 50 How. Pr. 105. It is for the jury to say whether a defendant stated all the material facts to a prosecuting attorney. Johnson v. Miller, (Iowa,) 19 N W. Rep. 310.

(b) *Advice of Justice of Peace.* It is no defense in an action for malicious prosecution that the defendant laid the facts within his knowledge before a justice of the peace and acted on his advice. Gee v. Culver, (Or.) 6 Pac. Rep. 775; Sutton v. McConnell, 46 Wis. 269; Olmstead v. Partridge, 16 Gray, 381; Brobst v. Ruff, 100 Pa. St. 91. Notwithstanding, it is the defendant's duty, on applying to justice for warrant, to state all of the facts and circumstances. Chapman v. Dunn, (Mich.) 22 N. W. Rep. 101.

(7) *Public Officer.* A public officer, acting under the direction of his government to procure the extradition of a particular person for a crime charged, has probable cause for believing the person so charged guilty, and of assigning the act as committed since the statute or treaty making such act a crime was passed or ratified. Castro v. De Uriarte, 16 Fed. Rep. 93. A warrant of arrest pending preliminary hearing in extradition proceedings is not void because no preliminary mandate has been obtained, unless the statute or treaty makes such preliminary mandate prerequisite. Castro v. De Uriarte, 16 Fed. Rep. 93; Case of Farez, 7 Blatchf. 34, 46; Case of Thomas, 12 Blatchf. 370. See In re Kelley, 2 Low. 339. A warrant for the arrest of one charged with a crime which follows the words of the statute or treaty in designating the crime charged, without further particulars, is sufficient. Castro v. De Uriarte, 16 Fed. Rep. 93; Case of Macdonnell, 11 Blatchf. 79, 88; Payne v. Barnes, 5 Barb. 465; Atchinson v. Spencer, 9 Wend. 62; People v. Donohue, 84 N. Y. 438; Case of Terraz, 4 Exch. Div 63. It is said, in Wheaton v. Beecher, (Mich.) 13 N. W. Rep. 769, that an officer to whom a warrant is delivered is not bound to look behind it, if regular on its face and issued from a proper

jurisdiction; and if he executes it he cannot be held liable in a civil action for damages, though it be invalid.

(8) *Defective Process, etc.* When a matter is wholly beyond the jurisdiction of the committing magistrate, an action for malicious prosecution will not lie. Castro v. De Uriarte, 12 Fed. Rep. 260; see Painter v. Ives, 4 Neb. 126; Sweet v. Negus, 30 Mich. 406; except in cases where malicious falsehoods are put forward as the *gravamen*, and the arrest or other act of trespass be claimed as the consequence. Newfield v. Copperman, 47 How., Pr. 87; Thaule v. Krekeler, 81 N. Y. 428; Von Latham v. Libby, 38 Barb. 348; Dennis v. Ryan, 63 Barb. 145; S. C. 65 N. Y. 385. But one for false imprisonment will. Gelzenleuchter v. Niemeyer, (Wis.) 25 N. W. Rep. 442; Murphy v. Martin, (Wis.) 16 N. W. Rep. 603; Colter v. Lower, 35 Ind. 285. An action for malicious prosecution will lie where the defendant falsely and maliciously procured the plaintiff to be adjudged a bankrupt upon an affidavit which was not sufficient legally to warrant an adjudication. Farley v. Danks, 4 El. & Bl. 493; Oldfield v. Dodd, 8 Exch. 578.

It was held in Gibbs v. Ames, 119 Mass. 60, where a plaintiff was brought to trial and acquitted, but without any previous proper complaint or proper warrant of arrest, that an action for malicious prosecution would lie. The court say: "This was a sufficient prosecution and acquittal therefrom to furnish a foundation for the common action for malicious prosecution, notwithstanding an insufficiency of the complaint, or defect of process by which she was brought before the court, or want of jurisdiction of the magistrate arising from such defect. The magistrate had jurisdiction of the subject-matter of the complaint, which was not the case in Bixby v. Brundige, 2 Gray, 129, and Whiting v. Johnson, 6 Gray, 246."

2. MALICE. Malice and want of probable cause on the part of the person instituting the prosecution is essential to support a suit for malicious prosecution, and should both concur. Castro v. De Uriarte, 16 Fed. Rep. 93; Yocum v. Polly, 1 B. Mon. 358; Mitchell v. Mattingly, 1 Metc. (Ky.) 240; Ullman v. Abrams, 9 Bush, 744; Woods v. Finnell, 13 Bush, 628; Kelton v. Bevins, Cooke, (Tenn.) 90; Bell v. Graham, 1 Nott & McC. 278; Smith v. Zent, 59 Ind. 362; Evans v. Thompson, 12 Heisk. 534; Scott v. Shelor, 28 Grat. 891; Carleton v. Taylor, 50 Vt. 220; McKown v. Hunter, 30 N. Y. 625; Fagnan v. Knox, 66 N. Y. 525. It is said that to maintain his case the plaintiff must prove malice in fact as distinguished from malice in law. Malice in law is where malice is established by legal presumption from proof of certain facts; malice in fact is to be found by the jury from the evidence in the case. They may infer it from want of probable cause. But the plaintiff is not required to prove express malice in the popular significance of that term; it is sufficient if he prove malice in the enlarged legal sense. Any act done willfully and purposely, to the prejudice and injury of another, which is unlawful, is, as against that person, in a legal sense, malicious. Com. v. Snelling, 15 Pick. 337. It has been said that "the malice necessary to be shown in order to maintain this action is not necessarily revenge, or other base and malignant passion. Whatever is done willfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal contemplation malice. See Wills v. Noyes, 12 Pick. 324; Page v. Cushing, 38 Me. 523; Humphries v. Parker, 52 Me. 502; Mitchell v. Wall, 111 Mass. 492; Pullen v. Glidden, 66 Me. 202. The acquittal of the plaintiffs is not, of itself, evidence of malice on the part of the prosecutor, Garrard v. Willet, 4 J. J. Marsh. 628; Ullman v. Abrams, 9 Bush, 744; neither is a discharge from prosecution by *nolle prosequi*. Yocum v. Polly, 1 B. Mon. 358.

Malice must be alleged and proved as an independent fact, as well as want of probable cause. Gee v. Culver, (Or.) 6 Pac. Rep. 775; Mitchell v. Jenkins, 5 Barn. & Adol. 593. The jury are the exclusive judges of the malice of the defendant. Gee v. Culver, (Or.) 6 Pac. Rep. 775; Munns v. Dupont, 3 Wash. C. C. 37; Stewart v. Sonneborn, 98 U. S. 193. The law will not presume malice merely from an unfounded prosecution, Edgeworth v. Carson, (Mich.) 5 N. W. Rep. 282; Dietz v. Langfitt, 63 Pa. St. 234; for malice is never an inference of law, Gee v. Culver, (Or.) 6 Pac. Rep. 775; but the jury may infer it as a deduction of fact from a want of probable cause, Heap v. Parish, (Ind.) 3 N. E. Rep. 549; Edgeworth v. Carson, (Mich.) 5 N. W. Rep. 282; Burnhans v. Sanford, 19 Wend. 417; McKown v. Hunter, 30 N. Y. 625; Green v. Cochran, 43 Iowa, 545; Flickinger v. Wagner, 46 Md. 581; Wertheim v. Altschuler, (Neb.) 12 N. W. Rep. 107; Turner v. O'Brien, 5 Neb. 542; 2 Greenl. Ev. § 453, note 1; Bell v. Graham, 1 Nott & McC. 278; Garrard v. Willet, 4 J. J. Marsh. 628; Wood v. Weir, 5 B. Mon. 544; Mowry v. Whipple, 8 R. I. 360; Levy v. Brannan, 39 Cal. 485; Pullen v. Glidden, 66 Me. 202; 2 Greenl. Ev. § 453.; and a criminal intent is supplied by law where the wrong and injury result from the lack on the part of the defendant of that ordinary prudence and discretion which persons of sufficient age and sound mind are presumed in law to have. Murphy v. Hobbs, (Colo.) 5 Pac. Rep. 119.

Malice will be inferred when the object of the prosecution is to simply enforce the payment of a debt, Ross v. Langworthy, (Neb.) 14 N. W. Rep. 515; or any other purpose than that of bringing the party to justice. Johns v. Marsh, 9 Reporter, 143; Mitchell v. Jenkins, 5 Barn. & Adol. 594. Where the defendant had the plaintiff arrested for

petit larceny, maliciously and without probable cause, in an action for malicious prosecution, the hostility and unfriendly feeling of the defendant prior to the institution of the prosecution may be introduced to enable the jury to determine the *animus* of the defendant in instituting such prosecution. Bruington v. Wingate, (Iowa,) 7 N. W. Rep. 478.